Maryland Grange Agency *vs.* Lee.

(Decided 18th March, 1890.)

---

THE MARYLAND GRANGE AGENCY *vs.* HENRY A. LEE.

*Will—Trusts—Liability for Debts.*

Where a testatrix devised all her property, real and personal, after the payment of her funeral expenses, debts, and costs of administration, to her sons, in trust for the support, maintenance, and education of their respective families, to be held by them, and the rents and profits thereof, and the same to be applied during their several lives, to and for such uses and purposes, and also declared that no part of the land, should, in any event, be made liable for their debts or contracts, the crops growing thereon are likewise exempted from liability.

APPEAL from the Circuit Court for Anne Arundel County.

,The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., ROBINSON, IRVING, BRYAN, FOWLER, and McSHERRY, J.

*Edward C. Gantt*, for the appellant.

*Frank. H. Stockett*, for the appellee.

FOWLER, J., delivered the opinion of the Court.

Mrs. Caroline E. Lee, of Anne Arundel County, died in 1884, possessed of a valuable farm situated in that county, leaving a will duly executed to pass real estate, by which she devised all her property, real and personal, after the payment of her funeral expenses, debts and costs of administration, to be equally divided among her five children, of whom the appellee is one, on the following terms, conditions, and trusts :—"To her said sons, in trust for the support, maintenance, education and advancement in life of their several and respective fami-, lies, so that they, the said sons, shall hold and possess said property, and the rents and profits thereof, and apply the same as they may deem best during the several lives of said sons, to and for such uses and purposes." The will also provides that no part of the property devised shall in any event be made liable for the debts or contracts of the children of the testatrix so as to be ,sold for the same, or in any manner diverted from the object and purpose of said trust. , At the October Term, 1888, of the Circuit Court for Anne Arundel County, the appellant recovered a judgment against the appellee, and caused a writ of *fieri facias* to be issued and directed to the sheriff of said county, who levied upon the crops of corn and tobacco growing on that portion of the real estate of the testatrix, which, in the partition thereof as provided by her will, was at the time of said levy in

possession of and cultivated by the appellee. Whereupon the appellee moved to quash said levy, and asked that said crops be discharged from the same. After hearing evidence and argument by counsel this motion was sustained by the Court below, and from its action this appeal was taken.

The sole question presented for consideration is as to the construction of the will of Mrs. Lee, so far as it relates to the appellee's title to the crops of corn and tobacco taken by the sheriff under the execution issued by the appellant on the judgment recovered by him against the appellee. On the part of the appellee it is contended that, under the terms of the will, he had no such interest or estate in the land or crops raised thereon by him as could render it or them liable for his debts. The provisions of the will in regard to the land are too clear for dispute. The appellee, as trustee, is to hold it during his life, *in trust* for the support, maintenance, and education of his family, and the testatrix expressly declared that no part thereof should, in any event, be made liable for his debts or contracts, so as to be sold for the same, or in any manner diverted from the object and purpose of the trust. It is true there is no express declaration in the will that the rents and profits of the land shall not be sold for the trustee's debts, yet we think it is clear such rents and profits are exempt from any such liability as fully as the land itself; for, inasmuch as the testatrix, by the terms of the will, gives no beneficial interest or estate to the trustee in either the land or its rents and profits, the necessity for exempting them, or either of them, from his debts is not apparent.

The creditors of the trustee, therefore, can have no valid claim against the crops of the land, unless, as was contended by the appellant, the trustee took under the will a life estate in the land, and the rents and profits thereof, absolutely, as his own property free and dis-

charged from the trust declared by the testatrix. But this view cannot be adopted without entirely setting aside the will, which must prevail unless its provisions are in conflict with the rules of law. We have been unable to find any such conflict in the will before us, and are of opinion that the ruling of the Court below is correct and should be affirmed.

*Ruling affirmed.*

(Decided 18th March, 1890.)