(Decided December 2nd, 1897).

---

## A. PAGE REID *vs.* THE SAFE DEPOSIT AND TRUST CO., GARNISHEE.

*Restraint on Alienation—Spendthrift Trust—Attachment.*

A testator bequeathed property to a trustee to hold the same and pay the net proceeds to testator's widow during her life, so that the same shall not be liable for the debts of any future husband, "or to be taken in execution or attachment or otherwise howsoever, and so that she shall not pledge or anticipate" said property or income. *Held*, that the income in the hands of the trustee was not liable to attachment for the debts of the *cestui que trust.*

Appeal from a judgment of the Superior Court of Baltimore City quashing an attachment on judgment laid in the hands of the appellee as garnishee of Louisa Presbury.

The cause was argued before McSHERRY, C. J., BRYAN, FOWLER, PAGE and BOYD, JJ.

*Ralph Robinson*, for the appellant.

*Edward Duffy* and *Joshua Horner, Jr.*, for the appellee.

PAGE, J., delivered the opinion of the Court.

The only question in this case is whether the net income due Mrs. Louisa Presbury, of property in the hands of the trustee under the will of George G. Presbury, is attachable for the debt of the *cestui que trust*. The appellee, who is the garnishee, became trustee by appointment of Court, in the stead of the original trustees, with the same powers and duties as were conferred on and required of the latter by the terms of the will. The judgment, on which the attachment issued, was obtained on a promissory note given by Mrs. Presbury in payment of bills for groceries and articles of necessity furnished to her by the appellant.

The question involved turns upon the construction of the first item in the will. By that the testator devises and bequeaths to Frank X. Jenkins and Charles R. Goodwin, &c., all the property, real, personal and mixed, of which he died, seized and possessed, "in trust, to hold and manage the same and collect, &c., and to pay the net proceeds from time to time to my wife, Louisa Presbury, for the term of her natural life, and especially so that the same shall not be liable for the debts or contracts of any future husband, or in any manner subject to his control, or to be taken in execution or attachment or otherwise howsoever, and so that she shall not pledge or anticipate said property or said net proceeds of income, or any part thereof." It appears also, by the agreed statement of facts, that the trustee has now in its hands the sum of $271.42, net income, and that the ap-

praised value of the estate at the time of the death of the testator was $139,000.

On the part of the appellant it is contended, that the testator did not intend to create a spendthrift trust, but for a coverture trust with provision against alienation and anticipation only in the event of the marriage of Mrs. Presbury.

. It has always been settled law in England, that upon the gift or grant of a fee-simple or life-estate, legal or equitable, restraints upon the power of the alienee to alienate the estate and to charge it with debts, are repugnant to the grant and void, unless there is also a provision operating as a cesser or limitation of the estate over. But to that there is an exception by which restraints on alienation or anticipation are allowed in case of married women. This exception is " purely an equity doctrine, the invention of the Chancellor's "   *   * " and was justified on the ground that it was the only way, at least the best way of giving property to a married woman." *Buckton* v. *Hay*, 11 Ch. Div. 645 ; *Tullett* v. *Armstrong*, 4 Myl. & Cr. 377 ; *Gray on Restraints on Alienation*, sec. 142. In *Brandon* v. *Robinson*, 18 Ves. 434, the Chancellor in speaking of married women's trusts said, that Lord Thurlow " did not attempt to take any power the law gave her, as incident to property, which being a creature of equity, she could not have at law ; but as under the words of the settlement it would have been her's absolutely, so that she could alien, Lord Thurlow endeavored to prevent that, by imposing upon the trustees the necessity of paying to her from time to time and not by anticipation, reasoning thus : That equity, making her the owner of it and enabling her as a married woman to alien, might · limit her power over it ; but the case of a disposition to a man, who if he has property, has the power of aliening, is quite different." The reason for this exception to the general rule in case of the settlement upon married women was stated in *Buckton* v. *Hay* (*supra*), as follows : " It was considered to give it (the estate) without restraint, would be practically to give it to

her husband, and therefore to prevent this, a condition was allowed to be imposed restraining her from anticipating her income and thus fettering the free alienation." It thus appears that the exception in cases of devises and settlements upon married women, was deemed necessary only because of the general rule that restraints upon alienation and anticipation were always regarded as repugnant to the estate. But in Maryland this is not the general rule. In *Smith & Son* v. *Towers, Garnishee*, 69 Md. 85, it is broadly laid down, that "alienation is not a necessary incident to an equitable estate for life, and that an owner of property may in the free exercise of his bounty so dispose of it as to secure its enjoyment to his beneficiary, without making it alienable by him or liable in any manner for his debts, and that such an intention when clearly expressed by the founders of the trust must be respected by the Courts." In this State, therefore, where the law is as just stated, it is difficult to perceive why trusts in case of married women do not stand on the same footing as other trusts of the same nature.

We are therefore of the opinion, that it is immaterial by what name this trust be called; if in the provisions of the will there is manifest an intent of the testator, that his widow shall enjoy his bounty without the power of alienation or of anticipation, this Court is bound to respect his purpose and enforce it. Now, by the express terms of the will, the trustees are to pay the net proceeds to Mrs. Presbury from time to time, "*so that*" the same shall not be liable: 1st, for the debts or contracts of any future husband, or in any manner subject to his control; 2nd, to be taken in execution or attachment or otherwise however; and 3rd, "*so that* she shall not pledge or anticipate said property or said net proceeds of income or any part thereof." These terms are too explicit and clear to be misunderstood. They import, that the testator intended to secure to his widow, the full enjoyment of the net income of his property, without conferring upon her the power of aliening it, and so that it should not be liable for any of her debts. That he had

full power to do this, is settled by *Smith & Son* v. *Towers*, already cited. The judgment must be affirmed.

*Judgment affirmed.*

(Decided December 2nd, 1897.)