### In re GARDNER.

(District Court, S. D. New York. March 18. 1901.)

BANKRUPTCY—ASSETS—DEVISE—CONTINGENT ESTATE.

> A testator devised real estate to his two daughters for their joint lives, and directed that on "the death of either of my said daughters the portion of my real estate so devised to her for life shall go to the children of such deceased daughter, and the same shall be used for their benefit until the death of the survivor of my two daughters, when all the real estate so devised shall be sold and the proceeds divided equally among my grandchildren, share and share alike; and if any of my grandchildren shall die, leaving issue surviving them, such issue shall take the portion their parents would have been entitled to had they been alive." *Held,* that the gift to the grandchildren was contingent only, and carried no present vested interest that was alienable during the lifetime of the testator's daughters, and, hence, if one of such grandchildren is adjudged a bankrupt while his mother's life estate is outstanding. he has no such interest in the real estate as will vest in his trustee in bankruptcy.

In Bankruptcy. Application to stay sale of real estate. Granted.

The bankrupt's trustee being about to offer for sale an alleged interest of the bankrupt in certain real estate in Brooklyn claimed to have vested in the bankrupt under the will of his grandfather, John Hedden, application was made to the court to restrain the sale on the ground that the bankrupt has no vested or alienable interest therein.

The grandfather's will was admitted to probate in April, 1865, the only material clause being as follows:

"Fourth: I give and devise all my real estate, not hereinbefore disposed of, unto my said two daughters, Joanna Gardner and Sarah Ann Ferguson, to have and to hold the same during their joint natural lives, free of any control of either of their husbands, and not liable for their, or either of their debts; and it is my will and I hereby direct that if either of my said daughters shall offer to sell or assign her life interest in my estate, hereby devised to her, or any portion of the same, the interest hereby devised to her shall, upon such offer to sell or assign, become null and void and her life interest shall then vest in her child or children; and upon the death of either of my said daughters, the portion of my real estate, so devised to her for life, shall go to the children of such deceased daughter, and the same shall be used for their benefit until the death of the survivor of my two daughters, when all the real estate, so devised, shall be sold and the proceeds divided equally among my grandchildren, share and share alike, and if any of my grandchildren shall die, leaving issue them surviving, such issue shall take the portion their parents would have been entitled to had they been living. I charge my executrices to keep the buildings erected upon my real estate well insured in safe and reliable insurance companies, and attend to the payment of any and all taxes and assessments punctually."

At the time of the testator's death he had four grandchildren living, children of his two daughters, and there has been since born to his daughter Joanna, another daughter, Edith, also now living. Mrs. Ferguson has since died, leaving one child surviving. Mrs. Gardner, the other daughter, is still living, and the bankrupt is one of her four children.

Richard B. Kelly, for the motion.
Miller & Hartcorn, opposed.

BROWN, District Judge (after stating the facts). In my opinion there was no present gift by this will to the bankrupt, a grandchild, but only a contingent future gift, and that gift was not of real estate, nor of any remainder in real estate, but only of money arising from a sale to be made after the death of the testator's two children. That gift moreover is only to the grandchildren or their issue (not to their heirs) who shall survive the daughters. It was not a gift to individuals named, but only to a class composed of persons who should them survive, or their issue. The real intent of the testator was that those who neither survived the daughters, nor left issue surviving them, should take nothing; but that the whole proceeds should be divided among those grandchildren or their issue who did survive the two daughters. To hold that an interest vested in each grandchild prior to that time, or at the death of the testator, which could be alienated or sold under execution, would directly contradict the language and evident intent of the will, and diminish the interests which the actual survivors would be entitled to. In other words, the gift is future and contingent only, and carries no present vested interest that is alienable. See In re Hoadley, 3 Am. Bankr. R. 780, 101 Fed. 233, and cases there cited.

Stay granted.