# JACKSON SQUARE LOAN AND SAVINGS ASSOCIATION *vs.* ALICE R. BARTLETT, Trustee.

*Spendthrift Trust—Restraint on Alienation—Attaching Creditor.*

A testatrix bequeathed property to a trustee with directions to pay the income thereof to her son George "as it shall accrue and not by way of anticipation to my said son for the support of himself and his family, the receipt of my said son to be a sufficient acquittance to my said trustee therefor, but my will is that my said son shall have no power to charge, encumber or anticipate the said income." *Held,* that a spendthrift trust was created by this clause of the will, and that the interest of the *cestui que trust* in the income is not liable to attachment by his creditors.

Appeal from a decree of the Circuit Court of Baltimore City (Stockbridge, J.)

The cause was argued before McSherry, C. J., Fowler, Briscoe, Page, Boyd, Pearce, Schmucker and Jones, JJ.

*Laurie H. Riggs* (with whom was *Charles B. Backman* on the brief), for the appellant.

*Frank Gosnell*, for the appellee.

SCHMUCKER, J., delivered the opinion of the Court.

This is an appeal from a decree of the Circuit Court of Bal-timore City, passed in a case stated, construing the will of the late Vashti Bartlett. The only question presented by the record is whether the equitable interest of the testatrix' son George W. B. Bartlett, in the trust estate created by her will is liable to attachment under a judgment against him held by the appellant.

The testatrix by her will, after making several minor bequests, gave the residue of her estate to John H. Heald (now deceased) in trust, as to one-half, for the benefit of her son-in-law, Charles W. C. McCoy, for life, with remainder to his children and, as to the other one-half, for her son, George W. B. Bartlett, in the manner hereinafter set forth, for his life, with remainder to his children. The income of the share to be held in trust for the son-in-law was directed to be paid to him as it accrued during his life without any restriction but the income of the son's share was limited by the terms of the following clause of the will: "Secondly: As to the other moiety or equal half part of all my said residuary estate, I devise and bequeath the same to the said John H. Heald, and his heirs or successors in the trust. Upon trust and special confidence that my said trustee, during the lifetime of my said son, George W. B. Bartlett, do pay the income thereof as it shall accrue, and not by way of anticipation, to him, my said son, for the support of himself and his family, the receipt of my said son to be a sufficient acquittance to my said trustee therefor, but my will is that my said son shall have no power to charge, encumber or anticipate the said income." It appears from the record that George had at the death of the testatrix a wife and four children all of whom are still living.

By an earlier clause of the will the testatrix forgave her son George a number of debts "with all interest and arrears of interest thereon," and it is admitted in the record that she had prior to her death paid his debts and obligations to the extent of a large sum of money, The *corpus* of the estate held in trust under the will for the son does not exceed $5,000 in

value and it consists of securities in the hands of the appellee, Alice R. Bartlett, who has succeeded to the office of trustee under the will.

The appellant having recovered its judgment against the son, George, sued out an attachment thereon and caused it to be laid in the hands of Alice R. Bartlett, trustee, with the intention of binding the equitable life estate of the defendant in the trust estate.    There was no income in the hands of the trustee at the time of the laying of the attachment but before the institution of the present case she had collected $285 of income which will suffice to pay the appellant's judgment if it be liable therefor.

There is no doubt of the right of a testator, as the absolute owner of his property, to prescribe, according to his own judgment and preferences, the terms upon which his bounty shall be enjoyed by those on whom he sees fit to bestow it, so long as those terms do not violate the policy of the law.    It has been held by this Court in several recent cases after an exhaustive review of the authorities upon the subject that it is not against the policy of the law to give by will to a beneficiary an equitable right to the income of trust property for his life without the power of anticipation on his part and to the entire exclusion of his alienee or creditor.    The question in such cases is not one of the power but of the intention of the testator to prohibit the anticipation or exclude the creditor or alienee and if the Court is satisfied of the intention of the testator in that respect it is bound to respect his purpose and enforce it.    *Smith* v. *Towers*, 69 Md. 88–90; *Reid* v. *Safe Deposit Co.*, 86 Md. 467; *Brown* v. *Macgill*, 87 Md. 163–4.

We think that the provisions of the will in the present case manifest an intention on the part of the testatrix that the income of the portion of her estate now under consideration should be applied as it accrued to the support of her son George and his family, without the power on his part to anticipate it or to charge it directly or indirectly with liability for his debts or obligations.    So long as he lived she was willing that he should be the channel through which her bounty

should be applied to its ultimate objects and so she directed the payment of the income to him for that purpose, but in order that it might be from time to time available for their continued support he was deprived of all power to charge, encumber or anticipate it.    After his death the trustee was empowered to apply to the maintenance of George's children, during their minority, the income of the respective shares of the trust estate which would pass to them absolutely on their arrival at lawful age.    While the testatrix desired her son as the head of his family to make the application to them of her bounty so long as he lived she knew from personal experience that he was prone to run in debt and she sought by the terms of her will to protect her bounty from the vicissitudes to which she feared his weakness might expose it.

This intention of the testatrix is made more distinctly apparent from the fact that while she found it expedient to hedge in with restrictions the income to arise from the portion of her estate devoted to the benefit of her son and his family there is a total absence in her will of any such precautions in reference to the income of the share of the estate given in trust for the son-in-law for life with remainder to his children. Neither the face of the will nor the admissions in the record contain any intimations that the son-in-law was afflicted with spendthrift tendencies and the testatrix doubtless felt that it would be prudent to give him a degree of control over his property which it would be injudicious to accord to her own son.

The will, it is true, does not in express terms say that the son's share of the income shall not be liable to seizure or condemnation under execution or attachment for his debts, but it says so in effect in the broad provision that the son shall have *no power* to charge or encumber it.    This limitation upon his powers over the income was obviously inserted in the will in futherance of the express purpose of the testatrix that it should be applied to "the support of himself and his family." She could therefore not possibly have intended that his creditors should be able to seize it and thus deprive the objects

of her bounty of the very aid and protection which she intended to confer upon them. *Winthrop* v. *Clinton*, 46 Atl. Rep. 437–8, 196 Pa. St. 472.

The decree appealed from will be affirmed with costs.

*Decree affirmed with costs.*

(Decided November 21st, 1902.)