## CHARLES PLITT

*vs.*

## JOHN ALEXANDER YAKEL.

*Spendthrift trusts: legacies and bequests; money and income.*

A clause in a will providing that all legacies and bequests thereunder were to be paid in person to those entitled to receive them and in no way to be subject to attachment for any debt or obligation whatsoever, or subject to any order of any kind, establishes an effective spendthrift trust, with complete immunity from attachment as to all "legacies and bequests" to which it was intended to apply.                pp. 466-467

The words legacy and bequest, as thus used, are to be treated as synonymous, and no discrimination is to be made between legacies of designated sums of money and bequests of income.

p. 468

*Decided December 13th, 1916.*

Appeal from Circuit Court No. 2 of Baltimore City. (BOND, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, PATTISON, URNER and STOCKBRIDGE, JJ.

*George W. Lindsay* and *L. B. Keene Claggett* (with a brief by *George W. Lindsay and Bartlett, Poe and Claggett*), for the appellant.

*W. Carroll Hunter,* for the appellee.

URNER, J., delivered the opinion of the Court.

The question presented on this appeal is whether certain income, to which the appellee is entitled under a testamentary trust, is subject to attachment for the satisfaction of his judgment debt to the appellant. The trust was created by the will of the appellee's father, Louis Yakel, a resident of Baltimore, who died in the year 1902 leaving a considerable estate. After making certain bequests of furniture, jewelry, horses, carriages and other chattels, the testator devised and bequeathed all the residue of his estate to his brother, John A. Yakel of Anthony in trust for the period of twenty years. The will directed the trustee to pay at once all the testator's debts, except encumbrances on a business building which bore his name, and also to pay a number of pecuniary legacies, including one of $5,000 to the appellee. It was further provided that there should be paid to the testator's widow $833.33 1/3 monthly for the support of herself and minor children during the entire period of the trust. All available funds not required for any of the purposes already mentioned were directed to be applied, first to the interest, and secondly to the principal, of any encumbrances on the Yakel Building. These provisions were succeeded by the clause, upon whose construction depends the decision of the present question. It is as follows:

> "6th. It is my will that all legacies and bequests hereunder are to be paid in person to those entitled to receive them and in no way to be subject to attachment for any debt or other obligation whatsoever nor subject to any order of any kind. It is further my will that all legacies herein contained shall bear interest from the date of my death."

This clause was followed by thirteen additional paragraphs in the will, of which the only one necessary to be quoted from is the twelfth, under whose terms the appellee became entitled to the income sought to be attached. It provides:

"If after paying all my debts, liquidating and paying off all encumbrances upon the Yakel Building, paying all legacies hereunder, including the payment of eight hundred and thirty-three dollars and thirty-three and one-third cents monthly, the net income from my estate should in any fiscal year show a cash surplus over and above the amounts so paid, then I will and direct my said trustee to add to the principal of the trust estate forty per cent. of such cash surplus, and the remaining sixty .per cent. to go to my children, share and share alike, and the descendants of any of **my children,** *per stirpes* and not *per capita,* the payment of such shares to go direct to those of my children who may then be of legal age and to the guardians of such of my children who may then be minors, and to the legal representatives of the descendants of any of my children who may have died, such descendants to take *per stirpes* and not *per capita,* the share to which, if living, their parent would have become entitled."

The attachment issued on the appellant's judgment claim of $887.34 was laid in the hands of the trustee to bind, so far as necessary, the appellee's share, amounting to $3,556.21, of the surplus income of the trust estate available for distribution to the testator's children under the twelfth paragraph of the will. The trust is being administered under the jurisdiction of Circuit Court No. 2 of Baltimore City, and by its order the amount claimed under the attachment was allowed, subject to exception, out of the appellee's share of the income as audited. Exceptions to the allowance were filed by the appellee and were sustained by the Court upon the ground that the fund in question is not attachable. This view, in our opinion, is clearly correct.

It is conceded, and, of course, it could not be doubted, that the sixth clause of the will establishes an effective spendthrift trust, with complete immunity from attachment, as to all the "legacies and bequests" to which it is intended to

apply. The principles of law and construction upon which such trusts are recognized have been repeatedly stated in the decisions of this Court. *Smith* v. *Towers,* 69 Md. 77; *Md. Grange Agency* v. *Lee,* 72 Md. 161; *Baker* v. *Keiser,* 75 Md. 332; *Reid* v. *Safe Deposit & Trust Co.,* 86 Md. 464; *Brown* v. *MacGill,* 87 Md. 161; *Cherbonnier* v. *Bussey,* 92 Md. 421; *Jackson Square Assoc.* v. *Bartlett,* 95 Md. 661; *Wenzel* v. *Powder,* 100 Md. 36; *Houghton* v. *Tiffany,* 116 Md. 655; *Safe Deposit & Trust Co.* v. *Independent Brewing Assoc.,* 127 Md. 463. The contention, however, is that in this case the dispositions of *income* in favor of the testator's children, under the twelfth clause of the will, are not "legacies" or "bequests" within the meaning of those terms as used in the clause creating the spendthrift trust. This theory is sought to be supported on the ground that the word "legacies," as generally employed in the will, has reference to bequests of stated sums of money which are independent of and hence do not include gifts of income. The twelfth clause, for instance, provides for the appropriation of the net income, in which the appellee shares, after "all legacies" are paid. It is apparent that as *thus* used the term was not understood by the testator as embracing the income remaining after the "legacies" were deducted. In the same paragraph with the spendthrift trust clause is a provision that "all legacies" shall bear interest from the date of the testator's death. This use of the term also would seem to have no reference to the income accruing from the trust estate in the course of its administration. There are various other provisions in which the testator applied the word "legacies" to the direct gifts he was making of specified sums of money. But the declaration of the sixth clause that "all legacies and bequests" shall be paid in person to those entitled, and shall not be subject to attachment, is undoubtedly broad enough, in the accepted meaning of its terms, to include the gift of income here involved. The words "legacy" and "bequest," as ordinarily used, are synonymously defined as testamentary gifts of personalty. *Bouvier's Law Dictionary.* The dispositions of in-

come under the present will are plainly within the scope of that definition. No more comprehensive language could have been expected from the testator to express the purpose that all the gifts for which he was providing out of his personal estate should be exempt from attachment for the debts of the beneficiaries. There is no reason whatever to believe that he wished to discriminate between legacies of designated sums of money and bequests of income, in regard to the immunity which the spendthrift trust was designed to afford. It might be supposed that one of the main purposes of that clause was to protect from attachment the income payable periodically to the testator's children. While the word "legacies" when employed in other provisions of the will, had reference only to pecuniary gifts of stated amounts, no such use is made of the word "bequests." There is nothing in the will to suggest that the latter term was understood by the testator, in any connection, as having a more restricted meaning than it usually imports. Its adoption therefore as one of the descriptive words of the sixth clause leaves no doubt as to the purpose of the testator that it should apply without qualification to all the gifts of personalty. This intention being aptly and distinctly expressed in the clause which deals specifically with the creation of the spendthrift trust, it should not be denied its full and normal effect merely because one of the terms used in that provision has elsewhere in the will been given appropriately a narrower application.

*Order affirmed, with costs.*