**SUSKIN & BERRY, Inc., v. RUMLEY.**

Circuit Court of Appeals, Fourth Circuit.
January 14, 1930.

No. 2911.

H. S. Ward, of Washington, N. C. (Ward & Grimes, of Washington, N. C., on the brief), for appellant.

Julius F. Duncan, of Beaufort, N. C., for appellees.

Before PARKER and NORTHCOTT, Circuit Judges, and GLENN, District Judge.

PARKER, Circuit Judge. One Bayard Taylor was adjudged bankrupt by the District Court for the Eastern District of North Carolina, of which state he was a resident. The question involved in this appeal is whether he had such an interest in a trust estate in Maryland, under the will of a former resident of that state, as passed to his trustee in bankruptcy and was subject to sale in the bankruptcy proceedings. The referee of the Eastern District held that he had, and the interest was sold to Suskin & Berry, one of the creditors of his estate, for $325. Upon review, the District Judge set aside this order, holding that the interest did not pass to the trustee and was not salable by him. From the order of the judge, the purchaser at the sale has appealed.

The bankrupt is one of the children of Mary C. Taylor, who is still living; and the interest in property here involved arises under the will of Cecil C. Buckman, of Baltimore, her brother. The pertinent provisions of the will are as follows:

"Second: I give and bequeath to the Mercantile Trust and Deposit Company of Baltimore, and the successors in said trust, the sum of one hundred and fifty thousand dollars ($150,000) in trust to hold and invest the same and to pay over the net income therefrom to my sister Mary C. Taylor, during her life, and upon her death the same shall be divided among and paid over to the then living issue or descendants of my said sister per stirpes and not per capita, so that the children shall take the share to which the parent would have been entitled, if living. * * *

"Nineteenth: In the case of every trust by this will created, including any trust created by the residuary clause thereof, I authorize and empower said trustee and its successors in said trust, at any time or times, to invest, reinvest, sell, lease, mortgage, exchange, or in any other manner dispose of, all or any part of the principal of the trust estate for the purpose of reinvestment, division, or otherwise, without the sanction or authority of any court and that in such manner as that no one dealing with said trustee shall be required to see to the application of the proceeds of any sale or other disposition. It is also my will and desire, in the case of each and every of said trusts, includ-

ing any trust created by the residuary clause of this will, that the income, and ultimately the principal, thereof, shall be paid over into the hands of the respective beneficiary or beneficiaries, and not into the hands of any other, whether claiming by authority of such beneficiary or beneficiaries, or otherwise,— my will and direction being that no such beneficiary shall be entitled at any time to alienate, anticipate or encumber, his, her or their share of the income or principal, and that the same shall at no time be liable to be taken or attached for his, her or their debts.

"Twentieth: All the rest and residue of my estate, real, personal and mixed, of whatever kind, and wherever situated, of which I may die seized or possessed, or of which I may have any power of disposition, I give, devise and bequeath, as follows: I direct that the same shall, by my executors be divided into two equal parts, * * * one-half part of said rest and residue shall, if my sister Mary C. Taylor, survives me, be added to, form a part of and be disposed of in all respects in the same manner as the trust of one hundred and fifty thousand dollars ($150,-000), which by this will I have heretofore created for the benefit of my said sister."

It is clear from this language that all property in which bankrupt has any interest or expectancy under the will is held by the Mercantile Trust & Deposit Company of Baltimore as trustee; that the trustee must pay the net income thereof to Mary C. Taylor, mother of the bankrupt, so long as she lives, and at her death pay the principal to such of her issue or descendants as are then living; and that, if the provisions of the will be valid, so long as the property is held in trust, no beneficiary can alienate, anticipate, or incumber his share of the income or principal; and that same cannot be taken or attached for his debts. Whether such an interest in property passes to the trustee in bankruptcy and is subject to sale by him depends upon whether it is "property which prior to the filing of the petition he [the bankrupt] could by any means have transferred or which might have been levied upon and sold under judicial process against him." Bankruptcy Act § 70a (5), 11 USCA § 110 (a) (5). And the determination of the question in a case such as this depends, not upon the law of the bankrupt's residence, but upon the law of the state where the trust was created and is being administered and where the property subject thereto is situate; that is, upon the law of Maryland. Spindle v. Shreve, 111 U. S. 542, 547, 548, 4 S. Ct. 522, 28 L. Ed. 512; Merritt v. Cor-

lies, 71 Hun, 612, 24 N. Y. S. 561; 25 R. C. L. 353; note in 2 L. R. A. (N. S.) 443.

We think it clear that under the law of Maryland the interest of bankrupt in the trust estate created by the will is not such as he could have transferred or as could have been subjected to sale for payment of his debts. Such interest as the bankrupt may be said to have therein is clearly a contingent remainder, contingent not upon an uncertain event, but as to the persons who are to take under the will, and falling clearly within Fearne's fourth class. The rule in Maryland, as well as the general rule elsewhere, is that when an estate is limited to one for life and at his death to his issue or descendants then living, the remainders are contingent; for, until the death of the life tenant, those who are to take in remainder cannot be ascertained. 1 Fearne, Contingent Remainders, 3-9; 2 Bl. Com. 169; Gray on Perpetuities, 108; Godwin v. Banks, 87 Md. 425, 40 A. 268, 273; Reilly v. Bristow, 105 Md. 326, 66 A. 262; Safe Deposit & Trust Co. of Baltimore v. Independent Brewing Ass'n, 127 Md. 463, 96 A. 617. See, also, 23 R. C. L. 515, 516, 545; Bowen v. Hackney, 136 N. C. 187, 48 S. E. 633, 67 L. R. A. 440; Whitesides v. Cooper, 115 N. C. 570, 20 S. E. 295; Bigley v. Watson, 98 Tenn. 353, 39 S. W. 525, 38 L. R. A. 679; Allison v. Allison, 101 Va. 537, 44 S. E. 904, 63 L. R. A. 920. And under the law of Maryland, such a remainder cannot be levied upon and sold for the debts of the contingent remainderman. Safe Deposit & Trust Co. of Baltimore v. Independent Brewing Ass'n, supra; Godwin v. Banks, supra.

In the case of Safe Deposit & Trust Co. of Baltimore v. Independent Brewing Ass'n, supra, the Court of Appeals of Maryland quotes with approval the following statement of the rule and the reason therefor by Judge Hall of the Supreme Court of Connecticut in Smith v. Gilbert, 71 Conn. 149, 41 A. 284, 286, 71 Am. St. Rep. 163:

"While it is unjust that one should keep from his creditors property which can be fairly sold or applied to the satisfaction of his debts, it is equally unjust that a creditor should seize and destroy an interest of his debtor which is so uncertain and contingent that it cannot be fairly sold or appraised. The policy of the law justifies the extension of the right of attachment to property which, though not strictly within the letter, is within the equity, of the statute. It does not justify such an extension of that right as will be likely to result in the destruction of a paternal gift which can be of no present value to any one, and may never be of value to the debtor or his assignees."

In Godwin v. Banks, supra, the Maryland court said:

"The common law declares all contingent estates, when the person to take is not ascertained, to be a mere possibility, not coupled with an interest, and to be neither devisable, descendible, alienable by voluntary conveyance, or subject to execution. 4 Kent, Comm. 261; 2 Washb. Real Prop. 238. Such a naked possibility is in law neither an estate, property right, nor claim. One having such a possibility may, in the future, have a right or claim, but cannot be correctly said to have any existing right or claim. This was held in Jackson v. Waldron, 13 Wend. [N. Y.] 221, 222, prior to the statute of New York making all contingent estates descendible and devisable, where Senator Tracy, in the opinion which prevailed, said: 'A mere naked possibility is in law no interest, and there was nothing which could pass by his release. "Ex nihilo nihil fit." A mere possibility is not a right in being, but an abstraction too remote and uncertain for any form of conveyance to reach.' In the absence of a statute changing the common law, these principles are as sound and satisfactory at this day in Maryland as they were in New York in 1834, when they were announced there."

The case at bar illustrates the wisdom of the Maryland rule. The trust estate here appears to have a value of many thousands of dollars. The bankrupt has no interest in it now, and it is not certain that he will ever have an interest therein. It he should not survive his mother, he not only will not be entitled to an interest, but will never have been among the class entitled to an interest. For this reason the value of his expectancy is entirely speculative and no one is willing to pay any considerable amount for it, and it has been sold to one of his creditors in this proceeding for the paltry sum of $325. As said by the Supreme Court of Connecticut, in the case cited above, it is unjust that a creditor should seize and destroy an interest of his debtor which is so uncertain and contingent that it cannot be fairly sold or appraised.

The wisdom of the rule will further appear if a case be supposed where it is attempted to sell under execution, or in bankruptcy, the interest of a contingent remainderman who holds under a limitation "upon a contingency with a double aspect," as where an estate is limited to A for life, remainder to his surviving children, but if he shall leave

no surviving children, then to the children of B. Under such a limitation, the children of A and B have contingent remainders in the estate; but would any one contend that the children of B have such an interest as ought to be sold under execution for their debts? It is clear in such case that the children of B, during the life of A, have no vested interest, because it is not determined who the persons are that are entitled to the remainder; but the same is just as true as to the children of A, and would be equally true of them, were there no limitation over to the children of B.

Appellant relies particularly upon the Maryland case of Reilly v. MacKenzie, 151 Md. 216, 134 A. 502, 48 A. L. R. 778. That case, however, dealt with what was in reality a vested remainder subject to be divested upon certain contingencies. Gray on Perpetuities, 108. And it is well settled that a vested remainder is subject to sale under execution and passes to the trustee. See note to 48 A. L. R. at 784 and cases there cited. The court, however, held that there was no difference, so far as the question involved was concerned, between a vested remainder and a "vested interest in a contingent remainder," and that the remainder there involved was either the one or the other. A vested interest in a contingent remainder is one where the remainder is contingent only as to the event; and such remainders also are generally held to pass to the trustee in bankruptcy. See note in 48 A. L. R. at 786, and cases cited. But, as we have seen above, the contingency here relates, not to the event, but to the identity of the persons who are to take. As said by the Supreme Court of North Carolina in Williams v. Hassell, 74 N. C. 434: "Inasmuch as the lands are devised to the first takers for life only, with remainder to such of their children as should be living at their death, it cannot be ascertained now who are to take the remainder." And it is generally held that where the contingency relates to the person or persons who are to take, a contingent remainder does not pass to the trustee. Godwin v. Banks, supra, 87 Md. 425, 40 A. 268; In re Wetmore (C. C. A. 3rd) 108 F. 520; In re Hoadley (D. C.) 101 F. 233; In re Gardner (D. C.) 106 F. 670; In re Twaddell (D. C.) 110 F. 145; 7 C. J. 118; Collier on Bankruptcy (13th Ed.) vol. 2, p. 1675.

The rule is thus well stated in a learned opinion by Judge Bradford in the Twaddell Case, supra, 110 F. at 149:

"In the law of contingent remainders there is a fundamental distinction between contingency as to the person who is to take and contingency as to the event on the happening of which a right, interest or estate is to be acquired under the limitation over. Where the contingency relates to the event, and not to the person, the remainder-man possesses a right or title which may indifferently be considered or termed a vested right in or to a contingent interest or estate, or a contingent right to a future interest or estate, and such a right is alienable and transmissible to heirs or personal representatives according to its nature. But where the contingency relates to the person the case is essentially different. A contingent remainder is none the less a remainder because limited to persons not in esse. But such a limitation ex vi termini excludes the alienability or transmissibility of the remainder so long as it remains contingent. If land be devised to one for life and at his death in fee to such of his children as shall survive him, there can be, before his death occurs, no remainder-man in esse having capacity to take. In such a case it would seem that the existence of remainder-men cannot be disassociated from their capacity to take, and that, as such capacity cannot exist before their ascertainment by the death of the first taker, they cannot be regarded as in esse before that event, so far as the alienability or transmissibility of any interest or title under the limitation is concerned."

But there is another reason why, under the law of Maryland, the interest or expectancy of bankrupt in the trust estate could not have been transferred by him or levied upon and sold under judicial process against him; and that is that the will creating the trust estate specifically provides that the "income and ultimately the principal thereof" shall be paid over to the respective beneficiaries and to no one else, and that "no such beneficiary shall be entitled at any time to alienate, anticipate or encumber, his, her or their share of the income or principal, and that the same shall not be liable to be taken or attached for his, her or their debts." There can be no question that this creates a valid spendthrift trust under the laws of Maryland, and that no interest in the property subject thereto can be aliened or transferred by any beneficiary or reached in satisfaction of his debts. Smith v. Towers, 69 Md. 77, 14 A. 497, 15 A. 92, 9 Am. St. Rep. 398; Maryland Grange Agency v. Lee, 72 Md. 161, 19 A. 534; Reid v. Safe Deposit & Trust Co. of Maryland, 86 Md. 464, 38 A. 899; Jackson Square Loan & Savings Ass'n v. Bartlett, 95 Md. 661, 53 A. 426, 93 Am.

St. Rep. 416; Safe Deposit & Trust Co. of Baltimore v. Independent Brewing Ass'n, supra, 127 Md. 463, 96 A. 617; Plitt v. Yakel, 129 Md. 464, 99 A. 669. And see opinion of Judge Soper in In re Dudley's Estate (D. C.) 3 F.(2d) 832.

The learned judge below correctly held that no interest in the trust estate passed to the trustee in bankruptcy and that the attempted sale was not valid. His decree will accordingly be affirmed.

Affirmed.