## NOLA LUXFORD BAUERNSCHMIDT *v.* SAFE DEPOSIT & TRUST COMPANY.

[No. 40, January Term, 1939.]

*Decided March 8th, 1939.*

The cause was argued before BOND., C. J., OFFUTT, PARKE, SLOAN, MITCHELL, JOHNSON, and DELAPLAINE, JJ.

*J. Purdon Wright,* for the appellant.

*Frederick J. Singley* and *Frederick J. Singley, Jr.,* with whom were *Hinkley, Burger & Singley* on the brief, for the appellee.

SLOAN, J., delivered the opinion of the Court.

The plaintiff, Nola Luxford Bauernschmidt, a resident of California, caused to be issued, out of the Superior Court of Baltimore City, a foreign attachment against her husband, William Bauernschmidt, Jr., defendant, and laid the writ in the hands of the Safe Deposit & Trust Company of Baltimore City, garnishee, to satisfy a claim of $17,641.90, claimed to be due her under a decree for separate maintenance of the Superior Court of California for Los Angeles County, passed December 7th, 1937. The

garnishee answered the writ by filing a motion to quash, wherein it stated that the defendant "* * * had no attachable interest in the property mentioned in these proceedings; said Safe Deposit & Trust Company of Baltimore is trustee under the wills of Frederick Bauernschmidt and of Margaretha Bauernschmidt. As such trustee, it is required to collect the rents, incomes and profits of the properties mentioned therein and after the payment of expenses, is to pay certain of the rents, income and profits to the defendant," and "* * * neither the net rents, income and profits nor the corpus of the trust estate thus created being liable to attachment, the defendant has no interest in any property in the hands of the said garnishee which may be made the subject of attachment." Other reasons were assigned, but as the attachability of the funds in the hands of the trustee is conclusive of any other question, there is no need to discuss them.

By the last will and testament of Margaretha Bauernschmidt, she left to the Safe Deposit & Trust Company a certain part of her estate in trust for three grandchildren, one of whom is the defendant, and provided "* * * the net income is to be paid to each of my said grandchildren during his or her natural life respectively, and so that the same shall not be liable to be taken in execution or attachment or otherwise howsoever, and so that he or she shall be without power to pledge or anticipate the said income or any part thereof, in any manner whatsoever."

Frederick Bauernschmidt, by his will, left to the same trustee $300,000, of which one-sixth was to be held for the use and benefit of each of his six nephews and nieces, and provided "* * * that the income shall be paid directly into the hands of the respective beneficiaries therein named, and not into another, whether claiming under their authority or otherwise; and that the said trust estates and the income therefrom are not to be taken in execution or attachment or otherwise; and the said beneficiaries shall not pledge or anticipate said trust estates or the income thereof."

Without any discussion of the meaning and effect of these trusts, to declare that they are spendthrift trusts, not subject to attachment, execution, assignment, or anticipation, it is only necessary to refer to *Smith v. Towers,* 69 Md. 77, 14 A. 497, 15 A. 92; *Reid v. Safe Dep. & Trust Co.,* 86 Md. 464, 38 A. 899; *Jackson Square Savings & Loan Assn. v. Bartlett,* 95 Md. 661, 53 A. 426; *Safe Deposit & Trust Co. v. Independent Brewing Assn.,* 127 Md. 463, 96 A. 617; and *Johnson v. Stringer,* 158 Md. 315, 148 A. 447.

To overcome this obstacle in the decisions of this court with respect to attachments of incomes from spendthrift trusts, the plaintiff invokes the rule of comity between the states, and aims to apply here the rule in California that there is an exception in favor of decrees for alimony.

The decree of the California court was in pursuance of an agreement between the plaintiff and defendant, so that it became, instead of alimony, an agreement for support which, if entered originally in this state, could not be enforced by attachment for contempt. *Dickey v. Dickey,* 154 Md. 675, 141 A. 387; *Bushman v. Bushman,* 157 Md. 166, 145 A. 448. In California, however, the failure of a husband to perform such a decree may be punished by contempt, and, in so holding the court expressly declined in *Miller v. Superior Court,* 9 Cal. (2nd) 733, 72 P. (2nd) 808, to follow the rule of the *Dickey* and *Bushman* cases.

In the instant case the plaintiff comes into Maryland and asks this court to do two things, one, to recognize the decree of the California court as alimony; two, to adopt in this state the rule that, being alimony, the income from a spendthrift trust may be attached to satisfy such a decree.

As already said, this court, in the *Dickey* and *Bushman* cases, had held that such a decree, which really only expresses the agreement of the parties, is not alimony. It is a debt of record which, if entered here, may be enforced by some of the remedies, other than attachment for contempt, provided by Code, art. 16, sec. 205, but

if brought in from another state can only be enforced by appropriate proceedings at law. Because it may be called alimony elsewhere does not alter the practice and procedure for its collection here. When the enforcement of a foreign judgment or decree is sought in this state, it can only be done in accordance with the provisions of the law applicable to local judgments and decrees. 17 *Am. Jur.* 578. As said in *McElmoyle v. Cohen,* 13 Pet. 312, 325, 10 L. Ed. 177, 183: "To give it the force of judgment in another State, it must be made a judgment there, and can only be executed in the latter as its laws may permit." *Lynde v. Lynde,* 181 U. S. 183, 21 S. Ct. 255, 45 L. Ed. 810.

The second contention, that the rule respecting the attachability of spendthrift trusts should be relaxed when the claim is for alimony, cannot be entertained here unless we over-rule the decisions in the *Dickey* and *Bushman* cases, *supra,* which give to money decrees founded on agreements for support the same dignity, force, and status as other debts of record. As we are not ready to over-rule those decisions, there is no need to discuss the decisions elsewhere, of the rights of the wife of a spendthrift *cestui que trust.* If the courts of this State had jurisdiction of such a one charged with alimony, by indirection, in contempt proceedings, the same end might be accomplished as might be done if the funds were attachable, but then only by the punitive force of such procedure.

The plaintiff also contends that the defense in this case should not be by motion to quash, but by a plea of *nulla bona,* and relies on the case of *London & Lancashire Indemnity Co. v. Cosgriff,* 144 Md. 660, 125 A. 529, where it was held that the plea *nulla bona* was proper where payment to the defendant, whose funds were sought to be attached in the hands of his garnishee, the appellant, depended on a contingency, which it was contended had not occurred. But that is not the situation here. In this case there is no denial that the garnishee, appellant, had funds in hands belonging or payable to the defendant. What it contends is that they are not under the terms of

the spendthrift trusts subject to attachment or execution. The question here raised by the motion to quash was wholly one of law, which could be raised by a motion to quash and decided by the court without the intervention of a jury. A motion to quash may be interposed either by defendant or garnishee for reasons apparent from the face of the proceedings, or for matters of law or of fact denying the right of the plaintiff to attach. From an order over-ruling a motion to quash there is no appeal, because interlocutory, but from an order sustaining such a motion the plaintiff may appeal, because it then disposes of the case and is final. 2 *Poe, Pl. & Pr.,* secs. 536-538; *Gomborov on Attachments,* 67; *Lang v. Shanawolf,* 122 Md. 17, 111 A. 117. In the opinion of this court the question of the attachability of the funds in the hands of the trustee was properly raised by the motion to quash.

*Order affirmed, with costs.*