Yost v. Burns.

On the question, Shall the judgment of the Supreme Court be reversed as to the tax for state purposes ?—

*For affirmance*—DEPUE.    1.

*For reversal*—THE CHANCELLOR, DIXON, PARKER, REED,. SCUDDER, BROWN, CLEMENT, COLE, McGREGOR, PATERSON,. WHITAKER.    11.

On the question, Shall the judgment of the Supreme Court be reversed as to the tax for county and municipal purposes ?—

*For affirmance*—DEPUE, DIXON, REED.    3.

*For reversal*—THE CHANCELLOR, PARKER, SCUDDER,. BROWN, CLEMENT, COLE, McGREGOR, PATERSON, WHITA-- KER.    9.

HENRY L. YOST, PLAINTIFF IN ERROR, v. STATE, JOHN BURNS, PROSECUTOR, DEFENDANT IN ERROR.

1. Under the act establishing District Courts in the city of Newark, a. service of a summons issued out of the said courts cannot be made on a nonresident outside of the limits of said city.
2. The supplement of 1884 (*Pamph. L.*, p. 169,) to the act of 1877, establishing District Courts in certain cities of this state, whereby the jurisdiction was increased so as to be co-extensive with the limits of the· county in which the city is located, does not apply to District Courts of the city of Newark.

Error to the Supreme Court.    For opinion of the Supreme Court see 18 *Vroom* 222.

For the plaintiff in error, *F. E. Bradner.*

For the defendant in error, *Guild & Lum.*

The opinion of the court was delivered by

THE CHANCELLOR. The question discussed in this case is in reference to the territorial extent of the jurisdiction of the District Courts of the city of Newark. Yost sued Burns. in the Second District Court of that city. The summons was served outside of the limits of the municipality. On the trial Burns objected to the jurisdiction of the court upon that account. The objection was overruled. The trial resulted in a judgment in favor of Yost. The Supreme Court, on *certiorari*, reversed it upon the ground that the District Court had no jurisdiction of the cause. The question presented is to be decided by the construction of the fifth section of the act constituting the District Courts of the city of Newark. That act was a special act and was passed in 1873. *Pamph. L.* 1873, *p.* 245. It is entitled "An act to establish District Courts in the city of Newark." The fifth section provides that from and after the 1st day of April then next, the civil jurisdiction exercised by or conferred upon justices of the peace within the corporate limits of the city of Newark, under the Justices' Court act, the Landlord and Tenant act, the Attachment act and the Forcible Entry and Detainer act and the supplements to those acts, shall become vested in and be exclusively exercised by the District Courts created by the act. The sixth section gives exclusive jurisdiction to those courts in all civil cases arising under any of the acts mentioned in the fifth section, where the parties plaintiff and defendant both reside within the corporate limits of the city. The fifth section takes away jurisdiction from justices of the peace and transfers it to the District Courts, and the sixth declares that such jurisdiction shall be exclusive of all other courts in certain cases, viz., where the parties to the suit both reside in Newark. It has been well held that the act of 1877 " constituting District Courts in certain cities in this state " (*Rev., p.* 1301,) did not repeal the act of 1873. *Field v. Silo*, 15 *Vroom* 355. The act of 1877 confines the territorial jurisdiction of the courts created thereby to the limits of the city in and for which the courts are established. By a

supplement passed in 1884 (*Pamph. L., p.* 169,) to the act of 1877 that jurisdiction was increased so as to be co-extensive with the limits of the county in which the city is located; but that provision did not extend to the special act under consideration. By its terms it embraced only the courts created under the act to which it is a supplement.

In *Wellman* v. *Bergmann*, 15 *Vroom* 613 (1882), the Supreme Court held that under the act of 1877, service of a summons issued out of a District Court could not be made outside of the limits of the city. That it was the intention of the legislature, under the act of 1873, to establish local courts, to be confined to the territorial limits of Newark, is obvious from the provisions of the act. The courts are to be provided for and maintained at the expense of the city, which is to receive all such fees in the suits brought therein as would, if the suits had been before justices of the peace, under the acts mentioned in the fifth section, have gone by law to them. The claim to jurisdiction beyond the confines of Newark is based upon the words "within the corporate limits of the city of Newark," in the fifth section. It is urged that they are used to describe the officers (the justices of the peace) whose jurisdiction is by the act transferred to the District Courts, and that the act by that section transfers to those courts the jurisdiction of the Newark justices of the peace under the specified acts, and it is argued that consequently whatever jurisdiction under those acts those justices had the District Courts now have. But it is clear that the words are used to limit and define the territorial extent of the jurisdiction. It is as if the legislature had said that the jurisdiction, within the limits of Newark, of justices of the peace, under the acts mentioned, should thenceforward be vested in and be exercised by the District Courts. As suggested in the opinion of the Supreme Court, the construction contended for by Yost's counsel would admit justices of the peace in other parts of the county to come into Newark and hold their courts, and exercise their jurisdiction in that city; for, under that construction, the jurisdiction transferred by the fifth section would be,

not that of all justices of the peace so far as the city of Newark is concerned, but only of that of justices of the peace of that city. The legislature intended that the justice's court jurisdiction under the acts specified, so far as Newark is concerned, should go to the District Courts, and not be exercised by any justice of the peace within the limits of that municipality ; and that in cases under those acts, where both parties reside in Newark, no other court should have jurisdiction. By the terms of the act the jurisdiction is confined to the limits of the city.

The judgment of the Supreme Court should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, KNAPP, MAGIE, REED, VAN SYCKEL, BROWN, COLE, MC-GREGOR, PATERSON, WHITAKER. 11.

*For reversal*—DIXON. 1.