Hillsborough, }
March 4, 1913. }

### GEORGE M. WATSON v. SAMUEL C. KENNARD, HARRY L. ADDITION, Tr.

Where a trustee is unconditionally directed to pay over the net income of the estate to the *cestui que trust* and is not invested with discretionary power in that regard, he is chargeable with the amount of accrued income in his hands, in an action of foreign attachment brought by a creditor of the beneficiary.

FOREIGN ATTACHMENT.   The trustee in this action is a trustee under the will of Angeline F. Kennard, and the defendant is her surviving son.   By the will, the residue of her estate is given to the trustee to invest and manage, and to "pay the net annual income thereof quarterly to my said son, Samuel C. Kennard, for and during the term of his natural life;  and in case it shall become necessary for the comfortable maintenance and support of said Samuel C. Kennard, to expend so much of the principal as may be necessary or proper to furnish to said Samuel C. Kennard and his family such suitable and comfortable maintenance and support."
The court (*Mitchell*, J.) found the trustee chargeable for income received from the trust fund amounting to $255.54, and the trustee excepted.   Transferred from the May term, 1912, of the superior court.

*William W. Forbes*, for the plaintiff.

*Wallace B. Clement*, for the trustee.

WALKER, J.   The only objection relied upon by the trustee to the order of the superior court is that, as the trustee under the will, he was vested with a discretion as to the payment of the net income to the beneficiary, and that it was, therefore, error for the court to hold him chargeable in this action.   The case of *Banfield* v. *Wiggin*, 58 N. H. 155, cited by the trustee, would sustain his contention, if it were true that the will made the payment of the income to the principal defendant to depend upon the discretion of the trustee. But the language of the will shows beyond any serious doubt that the testatrix's intention was that her son should be entitled without condition or limitation to the net annual income of the fund in the hands of the trustee, payable quarterly.   Whether quarterly

payments should be made from the accrued income was not left to the determination of the trustee. The testatrix decided that question, and her decision is final. The fact that the trustee was authorized by the will to expend a portion of the principal for the benefit of the son in case it should become necessary for his comfortable maintenance and support has no tendency to show that he has a discretion as to the payment of the income. By contrast, it would seem to have an opposite effect and to indicate an intention to make one bequest absolute and the other conditional.

As the trustee has no duty to perform with reference to the income, which the court found he has in his hands, except to hold it as the property of the son, the order charging him with it in this action presents no error. *Richards* v. *Railroad*, 44 N. H. 127, 139.

*Exception overruled.*

All concurred.