Town of Shrewsbury *v.* Carl A. Bucklin et al.

Special Term at Rutland, November, 1931.

(Reargument, November 15, 1932.)

Present: Powers, C. J., Slack, Moulton, Thompson, and Graham, JJ.

Opinion filed January 5, 1933.

*Charles L. Howe* for the plaintiff.

*George M. Goddard* for the defendant.

MOULTON, J. This is a proceeding in chancery, and comes before us on plaintiff's appeal from a decree sustaining a demurrer to the amended bill of complaint.

From the allegations of the bill it appears that the defendant Bucklin is the beneficiary of a trust fund established by the will of Florence Cramton Cutts, late of Los Angeles County, California, deceased. The terms of the trust are as follows: "To be kept and securely invested and the interest and income thereof paid over from year to year to Carl Bucklin, of East Wallingford, Vt., or to his father or mother, or the survivor of them, for the support of the father and mother of the said Carl Bucklin, and for his support, and upon the death of the said father and mother of the said Carl Bucklin, to pay over to him, the said Carl Bucklin, said interest and income of said last mentioned trust fund during his life * * * *." The father and mother deceased before the transactions hereinbefore mentioned took place.

On May 29, 1929, Bucklin was committed to the common jail of Rutland County, as the result of his neglect and refusal to find sureties for his performance of an order of court for the support of a bastard child of which he had been adjudged to be the father. Evidently he was not averse to languishing in jail at the public expense, for he resolutely refused to apply or permit the application of, the income of the trust fund upon the proper costs and charges of his board and care while thus confined. This state of affairs continued until the defendant Edward H. Smith, the jailer, made demand upon the overseer of the poor of the plaintiff town, wherein the offense had been committed and which was, consequently, primarily liable for Bucklin's relief and support while in jail (G. L. 4222; *Catlin* v. *Town of Georgia*, 103 Vt. 97, 100, 152 Atl. 89), and on January 18, 1930, received from the plaintiff the sum of $239 which covered the proper costs and charges of Bucklin's support up to and including that day. Sometime during the same month Bucklin received from the defendant George H. Cutts, the testamentary trustee, a semi-annual remittance of interest and income of the trust fund and of this the sum of $317.04 has, in some manner not specified but presumably by the act of Bucklin, found its way into the hands of Smith, and is evidently being held by him as the property of Bucklin.

It is alleged that Bucklin has no property or estate, other than his interest in the trust fund, from which the plaintiff, as a creditor, can obtain satisfaction of its claim for reimbursement for the moneys expended by it for his support. The defendant Cutts, the trustee, refuses to recognize or liquidate the plaintiff's claim otherwise than upon Bucklin's order, or upon that of a court of competent jurisdiction. At the time of filing the amendment to the bill of complaint the cost of Bucklin's support amounted to $308 of which $239 has been paid by the plaintiff. The plaintiff's claim is alleged to be, and is, entire, accrued and accruing at the rate of one dollar a day as long as Bucklin is confined in jail.

The prayers of the bill are that the proper costs and charges for the relief and support of Bucklin, while confined in jail, may be adjudged and declared a lien or charge upon the interest and income of the trust fund; that Smith may be authorized and directed, from and out of the sum in his possession, to reimburse the plaintiff for the payment of $239 and to apply the balance upon such proper costs and charges for Bucklin's support as may accrue subsequently to January 18, 1930, and for general relief.

Neither Smith nor Cutts has appeared, although the former has been served with process, and the latter has accepted service. The demurrer has been interposed by Bucklin alone, and the grounds are that the bill, as amended, does not state a case for equitable relief, and that the plaintiff has a plain, complete, and adequate remedy at law.

The trust established by the will of Florence Cramton Cutts is a spendthrift trust. *Executors of White v. White*, 30 Vt. 338, 343; *Barnes v. Dow*, 59 Vt. 530, 543, 10 Atl. 258. The circumstances that the beneficiary was not denominated a spendthrift in the will, that the testatrix did not give her reasons for the creation of the trust, and that the will did not contain in express terms all the restrictions and qualifications incident to trusts of this nature do not prevent this conclusion, since the intention of the testatrix is obvious and is to be given effect. *Wagner v. Wagner*, 244 Ill. 101, 91 N. E. 66, 70, 18 Ann. Cas. 490; *McCurdy v. Bellefonte Trust Co.*, 292 Pa. 407, 141 Atl. 247, 248; *L'Hommedieu v. L'Hommedieu*, 98 N. J. Eq. 554, 131 Atl. 302, 303. Neither the corpus nor the income of such a trust while in the hands of the trustee, is subject to attachment or

trustee·process in an action at law by a creditor of the beneficiary. *Executors of White* v. *White, supra; Roberts* v. *Hall,* 35 Vt. 28, 32, 33; *Wales' Admr.* v. *Bowdish's Admr.,* 61 Vt. 23, . 28, 17 Atl. 1000, 4 L. R. A. 819; *Baker* v. *Brown,* 146 Mass. 369, 372, 373, 15 N. E. 783.

There are a few decisions wherein the right of a state or subdivision thereof to charge, by a proceeding in equity, the corpus or income of a spendthrift trust with expenditures made from the public funds for the support of the beneficiary has been considered. In *Board of Chosen Freeholders of the County of Hunterdon* v. *Henry,* 41 N. J. Eq. 318, 4 Atl. 858, the complainants were judgment creditors of a lunatic, the beneficiary of a testamentary spendthrift trust. The claim upon which the judgment was based was for expenditures for her support made before the creation of the trust which, by its terms, was ''for the use and comfortable maintenance and support'' of the lunatic. It was held that the bill could not be sustained, the reason given being that such a fund, or the interest thereof, could not be reached to satisfy a judgment against the *cestui.* *In re Walters,* 278 Pa. 421, 123 Atl. 408, was a petition by the commonwealth for an order directing the payment to it of moneys held by Charles A. Walters, as trustee of a testamentary spendthrift trust, for Frederick Walters, who was an inmate of a hospital for the insane and for whose maintenance the petitioner had made expenditures. The will established a certain fund the income of which was to be used, in the discretion of trustee, for the ''comfortable support and maintenance'' of the beneficiary, with the right to use part or all of the fund itself, if necessary for this purpose. It was provided that this fund and the income arising therefrom, were not to be in any manner liable for the debts or liabilities of the *cestui.* The petition was granted although not for the repayment of such expenditures as has been made prior to the creation of the trust. It was said (page 409 of 123 Atl., 278 Pa. 421), that there was an implied contract to repay the amount expended by the state for the benefit of the *cestui,* and ''The trust, in the present instance, was intended to secure the comfort of the insane person; and the devotion of the income, or a part of the principal, to the satisfaction of obligations incurred on his behalf is the mere carrying out of the testatrix's intentions * * * *. It is true that a certain discretion was lodged in the trustee, but, as already

noticed, this power must be legally exercised, and his unwarranted refusal to apply the funds for support will not prevent a recovery.'' The Walters Case was followed by *In re Hohenschieldt's Estate,* 105 Pa. Super. Ct. 18, 159 Atl. 71, in which, the facts being substantially the same, the doctrine of the former decision was applied. See, also, 43 Harvard Law Review, 68, where the result reached in the Pennsylvania cases is approved.

Not one of the foregoing cases is exactly parallel with the one before us. Here is no attempt to seek reimbursement for expenditures made before the creation of the trust; no question of an order to compel the trustee to exercise his discretion, because he has none, being only obliged to pay over the interest and income to the beneficiary; and a prayer that not only the previously incurred liability of the latter but that which will accrue in the future during his incarceration shall be made a lien or charge upon the income while in the hands of the trustee. Yet we think that the doctrine of the Walters Case may well be extended to cover this situation. The intent of the testatrix was that the income of the trust *res* should be used for Bucklin's support, and the plaintiff does not seek to divert it from this purpose, but rather to effectuate it. The fact that Bucklin is not incompetent, or insane, does not affect the question. He is in enforced confinement in a governmental institution, and the plaintiff town, in pursuance to its legal obligation, has supported and maintained him there, and according to the bill, is still doing so at continuing, and constantly accruing expense. For this it is entitled to reimbursement from the object of its care. We are not called upon to decide anything beyond the precise question presented—the right of a state or one of its subdivisions to charge, in equity, the income of a spendthrift trust, before payment to the beneficiary, with a lien to cover such necessary expenditures for his support as have been, or will be, made out of public funds in pursuance to the duty imposed by statute. As to this, we consider that the bill states a case for relief in equity, and that, the demurrer was erroneously sustained.

In view of this holding, it is unnecessary at this time to consider whether the sum in the hands of Smith may also be charged in this proceeding.

*Decree reversed, and cause remanded.*