WILLIAM T. HUESTIS *v.* FLETCHER G. MANLEY AND BRATTLEBORO TRUST CO., TRUSTEE u/w JOHN B. MANLEY, TRUSTEE.

May Term, 1939.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed October 3, 1939.

416

*Herbert G. Barber* and *Fenton E. Batton* for the plaintiff.

*E. W. Gibson, Jr.,* for the defendant.

*George L. Daley* for the trustee.

BUTTLES, J. This is an action of contract which was tried by the court. Findings of fact were made and filed and judgment

was entered for the plaintiff for the full amount claimed and discharging the Brattleboro Trust Co. as a party trustee in this action. The case comes to this Court on plaintiff's exceptions to two of the findings made by the trial court, to the judgment discharging the trustee, and to the allowance of counsel fees in the sum of twenty-five dollars to the trustee.

By the terms of the will of the late John B. Manley, who died testate prior to August 10, 1929, eighty per cent of the residuum of the estate, referred to therein as the main estate, was divided into eight equal shares or parts. The seventh clause of said will as modified by a later codicil gives to the Brattleboro Trust Company in trust, ''five shares of said main estate, the same to be by said trustee safely and securely invested, and the use, interest and income from the first, second, third, fourth and fifth of said shares to be paid, in the order named, to, or for the benefit of my sons, Winfred W. Manley, Walter F. Manley, Warren F. Manley, Fletcher G. Manley and Joseph A. Manley respectively, until they respectively reach the age of twenty-five years. When my said sons respectively reach the age of twenty-five years, if they respectively, are then in good financial standing and not in debt, then I give to such as meet said condition, one-half of his said share, above named; and the other one-half of each said share is to be held in trust, as aforesaid, until my said sons, respectively, arrive at the age of thirty years; and during that time, the use, interest and income from each share to be paid, as fast as it is received by my said trustee, to each son entitled thereto, as aforesaid. And when each said son, respectively, reaches the age of thirty years, the other one-half of his said share shall be paid to him, to whom I give and bequeath the same. But if any one of my said sons is not in good financial standing and is not free from debt when he arrives at the age of twenty-five years; then the whole of his said share is to remain in trust, and the income therefrom to be paid to him as aforesaid, until such time as he is in good financial standing and free from debt, when said one-half of said share shall be paid to him; and the other one-half thereof shall remain in trust as aforesaid, and the use, interest and income therefrom shall be paid to him as aforesaid, for a further period of five years after said first one-half of his share is paid to him; and if, at the end of said last mentioned five year period, such son is in good financial standing, free from debt,

and has shown a disposition to save money; then the other one-half of his share shall be paid to him, to whom I give and bequeath the same. But if any of my said sons is not in good financial standing at the end of said last mentioned five year period, and is not free from debt; then said second one-half of his said share shall continue to be held in trust as aforesaid, and the use and income therefrom be paid to him as aforesaid, until such time as he is in good financial standing and free from debt, when it shall be paid to him, to whom I give and bequeath the same.''

The eleventh clause of said will reads as follows: ''It is my desire that my children shall derive benefit from my estate, and that they shall be thrifty, industrious and saving, and it is therefore my will that neither the principal nor the income of a share of any of my said children shall be liable for any debts owing by him or her, nor for any debts that may be hereafter contracted by him or her, and that none of my said children shall anticipate his or her principal or interest, of his or her share, nor shall assign, transfer or hypothecate the same, and it is my will that my said trustee shall not recognize, accept or honor, any order, transfer or assignment of any part of the income or principal óf the share of any of my children in my estate.''

The plaintiff briefs an exception to finding number 24, which is that according to the terms and provisions of the entire will of John B. Manley, the trust established for the benefit of this defendant, Fletcher G. Manley, therein, is a spendthrift trust.

█ █ A spendthrift trust is the term commonly used to designate a trust created to provide a fund for the maintenance of the beneficiary and at the same time to secure it against his improvidence and incapacity. 25 R. C. L. 351; 65 C. J. 230; *Wagner* v. *Wagner*, 244 Ill. 101, 91 N. E. 66, 18 Ann. Cas. 490; *Kessner* v. *Phillips*, 189 Mo. 515, 88 S. W. 66, 107 A. S. R. 368, 3 Ann. Cas. 1005; *Estes* v. *Estes*, (Tex.) 255 S. W. 649, 650. Contrary to the settled law in England and in some of the states which have followed the English rule, the weight of authority in this country is to the effect that the founder of such a trust may secure the enjoyment of it to the objects of his bounty by providing that it shall not be alienable by them or become subject to be taken by their creditors, and that this intention when clearly expressed by him will be carried out. 25 R. C. L. 352; *Shelton* v.

*King,* 229 U. S. 90, 33 Sup. Ct. 686, 57 L. ed. 1086; *McColgan* v. *Walter Magee, Inc.,* 172 Cal. 182, 155 Pac. 995, Ann. Cas. 1917D, 1050; *Wagner* v. *Wagner, supra; Sherman* v. *Havens,* 94 Kan. 654, 146 Pac. 1030, Ann. Cas. 1917B, 394.

■ The doctrine that property may be made inalienable by such declaration of trust rests upon the theory that a donor has the right to give his property to another upon any conditions which he sees fit to impose, and that, inasmuch as such a gift takes nothing from the prior or subsequent creditors of the beneficiary to which they previously had the right to look for payment, they cannot complain that the donor has provided that the property or income shall go or be paid personally to the beneficiary and shall not be subject to the claims of creditors. *McColgan* v. *Walter Magee, Inc., supra; Seymour* v. *McAvoy,* 121 Cal. 438, 41 L. R. A. 544, 53 Pac. 946; *Smith* v. *Towers,* 69 Md. 77, 85, 14 Atl. 497, 500, 15 Atl. 92, 9 A. S. R. 398.

■ The prevailing rule in this country relative to the validity of such trusts has long been recognized in Vermont. *Town of Shrewsbury* v. *Bucklin et al.,* 105 Vt. 188, 190, 163 Atl. 626, 86 A. L. R. 133; *Exrs. of White* v. *White,* 30 Vt. 338, 343; *Barnes* v. *Dow,* 59 Vt. 530, 543, 10 Atl. 258. The circumstances that the beneficiary was not denominated a spendthrift in the will, that the testator did not give his reasons for the creation of the trust and that the will did not contain in express terms all the restrictions and qualifications incident to trusts of this nature do not prevent the conclusion that it is such a trust, since effect will be given to the intention of the testator when that intention is obvious. *Town of Shrewsbury* v. *Bucklin et al.,* 105 Vt. 188, 190, 163 Atl. 626, 86 A. L. R. 133; *Wagner* v. *Wagner,* 244 Ill. 101, 91 N. E. 66, 18 Ann. Cas. 490, 494; *L'Hommedieu* v. *L'Hommedieu,* 98 N. J. Eq. 554, 131 Atl. 302, 303.

■ By the eleventh clause of the Manley will provision is clearly made to secure both principal and income of the trust fund from the improvidence and incapacity of the beneficiary. That the income from the trust is here directed to be paid to or for the benefit of the beneficiary and is not in terms restricted to providing for his maintenance or support does not prevent the trust here created from being a valid trust in the nature of a spendthrift trust. To be sure the word ''benefit'' may have a very wide meaning, as was pointed out in *Stowell* v. *Hastings,*

*Exr.,* 59 Vt. 494, 8 Atl. 738, 59 A. S. R. 748, from which the plaintiff quotes. But in *In re Robinson's Will,* 101 Vt. 464, 470, 144 Atl. 457, 75 A. L. R. 59, it is said that whatever may be said of the definition of benefit as given in the Stowell case, it is too broad to fit the Robinson case. The same is true here. The one rule of construction to which all others are servient and assistant is that the meaning intended by the testator is to be ascertained and given effect, in so far as legally possible. To determine such meaning, the court is to take the instrument by its four corners, consider it in all its parts, and give effect to its language read in the light of the relation of the parties concerned and the circumstances attending its execution. *In re Robinson's Will, supra,* at page 469, 144 Atl. 457, 75 A. L. R. 59. The eighth clause of the Manley will provides, in effect, that if, because of sickness or accident, the income from the share of any beneficiary is not sufficient to comfortably support him or her, payments may be made from the principal for that purpose. This clearly indicates the purpose of the testator in creating the trust to be, primarily at least, to provide for the comfortable support of the beneficiaries.

The plaintiff also relies upon his exception to finding number twenty-five reading: "That upon the foregoing findings, the trustee in this suit, the Brattleboro Trust Company, as trustee under the will of John B. Manley, did not, at the time of the service of the writ upon it in this case, to wit, on July 9, 1938, and at the time of its disclosure filed in this case on July 9, 1938, have in its hands any goods, chattels, rights or credits of the said Fletcher G. Manley for which it is chargeable in this action."

It is unquestioned that on that date the trustee had in its hands income accrued from the trust fund which it had not paid to the defendant beneficiary, and it is plaintiff's contention that the trustee is chargeable in this action for such unpaid income. But the general rule is thus stated in *Bucklin* v. *Town of Shrewsbury, supra,* page 190 of 105 Vt., 163 Atl. at page 627, 86 A. L. R. 133: "Neither the corpus nor the income of such a trust while in the hands of the trustee, is subject to attachment or trustee process in an action at law by a creditor of the beneficiary." *Executors of White* v. *White,* 30 Vt. 338, 343; *Roberts* v. *Hall,* 35 Vt. 28, 32. The restraint does not stop with future

income, for the cases generally agree in holding that income which has already accrued in the hands of the trustee, but which has not been paid to the beneficiary, is exempt from claims of ⌐ the creditors of the beneficiary. 43 Harvard Law Review 63, 84; *Congress Hotel Company* v. *Martin,* 312 Ill. 318, 143 N. E. 838, 33 A. L. R. 562; *Smith* v. *Towers,* 69 Md. 77, 14 Atl. 497, 15 Atl. 92, 9 A. S. R. 398; *Reid* v. *Safe Dep. & Tr. Co.,* 86 Md. 464, 38 Atl. 899; *Jackson Sq. Loan and Savings Assoc.* v. *Bartlett,* 95 Md. 661, 53 Atl. 426, 93 A. S. R. 416.

The income which the plaintiff here seeks to hold was still in the hands of the trustee and it does not appear that the defendant had assumed dominion over it, either by making the trustee his depositary or otherwise. The claim indicated by plaintiff's exception, but not adequately briefed, that finding number 21 to the effect that on July 7, 1937, the trustee had funds in its hands belonging to and payable to the beneficiary is equivalent to a finding that an absolute estate in the income had then passed to the defendant is untenable. Similar language occurs in finding number 22 relative to funds held on July 9, 1938. But in finding 21 there follows a qualification reading: "in accordance with the terms and provisions of said will," and in finding 22 this qualification: "in accordance with the terms of said will and not otherwise." We think that such qualification limits "belonging" as well as "payable." No doubt the fund then belonged to the defendant in the sense that he had a right to demand payment but not in the sense that absolute title had passed to him. It is apparent that as soon as income had been paid to the beneficiary by the trustee it would become a part of his general property and would no longer be protected from creditors, as corpus or income of the trust, by the provisions of the will. It follows that unless the income while in the hands of the trustee, before actual or constructive payment to the beneficiary, is exempt from the claims of creditors there is no place in which any such exemption exists and the direction of the testator as to nonliability of the income for debts of the beneficiary would be entirely defeated.

The case of *Watson* v. *Kennard,* 77 N. H. 23, 86 Atl. 257, upon which the plaintiff strongly relies, is not in point, since in that case the will contained no direction that the income from

422

the trust fund should not be liable for the debts of the beneficiary.

■ Plaintiff's contention, supported by citations of Vermont cases, that a condition annexed to an absolute fee providing that the estate shall be exempt from attachment is void is not material to our inquiry here, since the income sought to be held had not yet come into the actual or constructive possession of the beneficiary and consequently he had not acquired an absolute fee therein. The exceptions to finding number twenty-five and to finding number twenty-four are not sustained.

■ ■ It appears that the trustee, wishing to refer to the court the question whether, upon the existing facts, it was liable to the plaintiff as trustee of the principal defendant, failed to make a declaration setting forth such facts as he deemed material as required by P. L. 1775. However, the question of such liability was subsequently tried by the court substantially as provided for by P. L. 1777 and no objection was made to the informality of the proceeding. By the eleventh clause of the will the trustee was directed not to accept, recognize or honor any order, transfer or assignment of any part of the income or principal of the share of any of the eight beneficiaries under the trust. Its interest in the controversy was thus something more than that of a mere stake-holder.

■ It was within the discretion of the trial court to take the case out of the rules, by virtue of county court rule 56, and allow the trustee a larger counsel fee than that specified by rule 40. We cannot say that the allowance of a counsel fee to the trustee was error as a matter of law, nor can we say that there was an abuse of discretion in the allowance of a fee larger than that prescribed by county court rule 40.

*Judgment affirmed.*