Glennie Gorton BAKER, Plaintiff-Appellant,

v.

The VERMONT BANK AND TRUST COMPANY, Defendant-Appellee.

No. 296, Docket 29246.

United States Court of Appeals Second Circuit.

Argued Jan. 14, 1965.

Decided Feb. 23, 1965.

Glennie Gorton Baker, pro se.

Stephen H. Gilman, Bennington, Vt., for defendant-appellee.

Before SMITH, KAUFMAN and ANDERSON, Circuit Judges.

ANDERSON, Circuit Judge:

On August 19, 1954 Albert W. Gorton of Manchester, Vermont, by a trust indenture, set up an irrevocable *inter vivos* trust of which the appellee's predecessor, the Killington Bank and Trust Company, was trustee, and which was to remain operative through the lives of the settlor and his wife, Nellie D. Gorton, who were income beneficiaries. The indenture provided that the trust would terminate at the death of the last surviving life user and the principal would then be paid to the remaindermen appointed as such by Albert W. Gorton in his last will and testament or, in the absence of such appointment, to the settlor's heirs-at-law as determined by the laws of descent of the State of Vermont. The trust instrument also contained the following spendthrift clause:

"5. The interest of any beneficiary hereunder, either as to income or principal, shall not be anticipated, alienated or in any other manner assigned by such beneficiary and shall not be subject to any legal process, bankruptcy proceedings or the interference or control of creditors or others."

Albert W. Gorton died September 6, 1956 and his wife, Nellie D. Gorton, died September 7, 1957. The settlor failed to exercise the power of appointment, and distribution of the principal of the trust was made on November 20, 1957 to the only two heirs-at-law, one of whom was his niece, Rita G. Baker, mother of the appellant, Glennie Gorton Baker.

The appellant claims she should have received her mother's share of the corpus from the trustee because on February 1, 1957, after the death of Albert W. Gorton, her mother assigned to her all interest which the mother had in the trust estate. She further claims that notice of this assignment was given by her in writing to the Killington National Bank on February 28, 1957, before the termination of Nellie D. Gorton's life estate and consequently long before distribution of the principal of the trust. While there are disputes between the parties as to the meaning of the terms of the assignment and the time of the receipt by the Bank of notice of the alleged transfer, it is not necessary to discuss these issues. For even if we assume that appellant's mother intended to assign her interest in the trust and gave proper notice to the trustee on February 28, 1957, we hold that under Vermont law the spendthrift clause of the trust indenture served to avoid that assignment because it was made before the mother's interest had become possessory.

The appellant argues that at the death of Albert W. Gorton and his failure to exercise the reserved power of appointment, her mother, Rita G. Baker, became a remainderman with a vested right in one-half of the principal of the trust, though the possession or enjoyment of that interest was postponed during the life estate of Nellie D. Gorton; and that the spendthrift clause did not bar the alienation or assignment of that interest while it was thus vested in right but not in possession. Vermont authority is to the contrary. In the case of In re Manley's Estate, 112 Vt. 314, 24 A.2d 357 (1942) and Huestis v. Manley, 110 Vt. 413, 8 A.2d 644 (1939) the Supreme Court of Vermont upheld a spendthrift clause which barred attachment, assignment or other alienation of principal or income of a trust estate, to be held by the trustee until the testator's beneficiary son became twenty-five years old when one-half of the principal was to be distributed to him, but only if the beneficiary was at the time "in good financial standing and not in debt," otherwise distribution was to be withheld until he complied with the conditions. Similarly, the other half was to be distributed when the beneficiary became thirty years of age, subject to the same conditions. In the earlier Manley case an effort was made by a creditor of the beneficiary to reach, by trustee process, income accumulated in the hands of the trustee and not paid out to the beneficiary; in the later Manley case a creditor of the beneficiary

sought to assert the validity of an assignment by the beneficiary of an interest in the principal of the trust estate. In both cases the Supreme Court of Vermont held that the spendthrift clause prevented recovery by the creditor. The court made it clear that there was an affirmative duty imposed upon the trustee to pay the money directly to the beneficiary in accordance with the terms of the trust, regardless of the creditor's claims. Although in those cases, unlike the situation in the present case, the remainderman was also an income beneficiary during the life of the trust, the breadth and scope of the language of the court make it clear that this difference does not make the cases distinguishable. In the later Manley case the court said:

> "By the terms of the trust the trustee was unequivocally directed to deliver the fund to the claimant at the specified time, and it could not do otherwise and act in accordance with the will of the testator. We construe the will to mean that the prohibition against the recognition of an assignment should continue until the time when this should be done." 24 A.2d 357 at 360.

Also in Town of Shrewsbury v. Bucklin, 105 Vt. 188, 163 A. 626, 627, 86 A. L.R. 133 (1933), the Supreme Court of Vermont said:

> "Neither the corpus nor the income of such a trust while in the hands of the trustee is subject to attachment or trustee process in an action at law by a creditor of the beneficiary."

The case of Barnes v. Dow, 59 Vt. 530, 10 A. 258 (1887), on which the appellant relies, does not support her position. The court held there that the settlor had created an inalienable life estate in his sister. The restriction on alienability, however, did not include, and was not intended to affect the interest of the remainderman, and the court so held.

The wording of the spendthrift clause in the Gorton trust was explicit and complete. It embraced "the interest of any beneficiary hereunder, either as to income or principal." It did not affect or seek to prevent alienation after the interest of the remainderman vested in her, both in right and possession or enjoyment; but as the trial judge held, it did prevent the assignment of the remainderman's interest during the life of the trust while her interest was vested in right only and not in possession or enjoyment. This is in accord with the trend of authority.

Scott, Trusts, Vol. II, § 153 (1956) at 1075 states:

> "The question remains, however, whether a restraint on a beneficiary's right to receive the principal in the future is valid. By the weight of authority today it is held that, in the absence of a statute providing otherwise, such a restraint is valid whether or not the beneficiary is entitled to the income in the meantime."

See also Bogert, "Law of Trusts and Trustees," Vol. 1A, § 222 at 464–466 (1951); Restatement (Second), Trusts, § 153 (1959).[1]

■ We conclude therefore that the assignment could not prevent the appellee's predecessor, the Killington Bank and Trust Company, from carrying out its duty to distribute one-half of the trust estate to Rita G. Baker or her duly authorized attorney. It is not necessary to pass upon the other errors assigned, nor does this decision concern any issue involving the validity of the alleged assignment as it may have arisen between the assignee and assignor. The appellant claims the court below erred both in directing a verdict and entering a judgment in favor of the defendant, and in denying her motions, as plaintiff, for judgment n. o. v. or in the alternative to set aside the verdict and grant a new trial. We find no error.

The judgment of the trial court is affirmed.

---

1. Cf. Restatement, Trusts, § 151 (1935).