In re David M. STEPHENS, Debtor.

**CHITTENDEN TRUST COMPANY, Plaintiff,**

v.

**David M. STEPHENS, Defendant.**

Bankruptcy No. 83–00159.
Adv. No. 84–0096.

United States Bankruptcy Court,
D. Vermont.

Feb. 7, 1985.

James H. Ouimette, Vergennes, Vt., for Chittenden Trust Company.

David Watts, Burlington, Vt., for debtor-defendant.

## MEMORANDUM OPINION

CHARLES J. MARRO, Bankruptcy Judge.

The matter is before the court on the motion of the debtor for summary judgment with respect to the complaint of the Chittenden Trust Company (Bank) to revoke the discharge of the debtor. The matter came on regularly for a hearing. The records in the case establish as undisputed the facts which follow.

## FACTS

The chapter 7 petition commencing this case was filed on August 10, 1983. A discharge issued on December 12, 1983. The case was closed on February 22, 1984. The instant complaint was filed on December 11, 1984. The case was reopened to administer an asset on December 14, 1984, pursuant to the motion of the Bank.

The debtor's mother died on December 6, 1983. Her will poured over certain funds into an inter vivos trust. The debtor is a trust beneficiary. In part, the trust instrument provides:

The sum of Twenty-five Thousand ($25,000.00) Dollars shall be paid to my son, DAVID M. STEPHENS, in trust, nevertheless, as hereinafter set forth.

... [T]he above-mentioned $25,000.00 sum, shall be held by the Trustee for the benefit of Donor's son DAVID M. STEPHENS. Income only shall be paid to him during his lifetime. The Trustee shall have the discretion to use the principal for him at sole discretion of Trustee. DAVID M. STEPHENS shall have the right to demand and receive up to Five Thousand ($5,000.00) Dollars per year of principal in addition to income from said Trust. Trustee shall have the sole discretion to use any portion or all of said principal for the benefit of any child or children of the said DAVID M. STEPHENS. Upon his death, any sums remaining in trust shall be paid to his heirs, per stirpes.

The interest of each beneficiary in the income or principal of a trust created by

this Trust Agreement shall be free from the control or interference of any creditor of a beneficiary or of any spouse of a married beneficiary and shall not be subject to attachment or susceptible of anticipation or alienation.

.　　.　　.　　.　　.

The whole or any part of the income or principal payable hereunder to any minor to or any other person, who in the opinion of the Trustee is incapacitated through illness, age or other cause may be applied by the Trustee in its discretion for such person's benefit at such time and in such manner as it deems advisable, whether by direct payment of such beneficiary's expenses or by payment to other persons (whether or not a duly appointed guardian) for such beneficiary. In each case the receipt or such beneficiary or other person to whom payment is made or entrusted shall be complete discharge of the Trustee in respect thereof. In addition, notwithstanding anything herein to the contrary, the payment of the whole or part of the income payable hereunder to any person who in the opinion of the Trustee is incapacitated through illness, age or other cause may be withheld and added to the principal of the Truste and administered as such when in the Trustee's sole discretion, such income would exceed amounts necessary or desireable for said beneficiary's benefit taking into consideration all other income and resources of said beneficiary known to the Trustee.

.　　.　　.　　.　　.

All of the rights, powers, duties and discretions of the Trustee, together with all other provisions hereof with respect to the corpus of the trust estate, shall be equally applicable to all accumulated income.

´.　　.　　.　　.　　.

All discretionary powers granted to the Trustee hereunder with respect to the payment of income and principal shall at all times be vested solely in the Trustee.

## DISCUSSION

The issue presented is whether the debtor's interest as a trust beneficiary is property of the estate. *See* Code § 727(d)(2). The question turns on whether the debtor's beneficial interest is a "spendthrift's interest" under Vermont law. Specifically, the court must determine whether the trust instrument confers on the debtor an absolute right to possess trust principal or interest. In the opinion of the court, the trust instrument does not provide the debtor with a present, vested right in principal or interest, and for that reason the beneficial interest is properly a spendthrift's interest which is not property of the bankruptcy estate.

A spendthrift trust is the term commonly used to designate a trust created to provide a fund for the maintenance of the beneficiary and at the same time to secure the trust against the beneficiary's improvidence or incapacity. The relevant terms of the instant trust agreement clearly are intended to secure both principal and income of the trust fund from the improvidence or incapacity of the instant beneficiary.

The Bank contends that the debtor has a present, vested right to certain sums of trust principal and interest, and that such sums may be administered as an asset of the bankruptcy estate. The general rule is that neither the corpus nor the income of a spendthrift trust while in the hands of the trustee, is subject to attachment or trustee process in an action at law by a creditor of the beneficiary. *See, e.g., Huestis v. Manley*, 110 Vt. 413, 8 A.2d 644 (1939). Generally, the restraint extends to income which has accrued in the hands of the trustee, but which has not been paid to the beneficiary. *See id.* at 421, 8 A.2d 644. Income or corpus while in the hands of the trustee is protected from creditors even where the fund belongs to the beneficiary in the sense that the beneficiary has a right to demand payment. *Id.* Thus any funds belonging to and payable to the trust beneficiary are immune from the claims of creditors until payment is made to the benefi-

ciary. *Id.* In the instant case, although the debtor has "the right to demand and receive" certain funds, such funds are, under the rule, protected so long as the funds are held by the trustee.

■ It is not doubted that any payments actually made to the beneficiary become part of his general property and in his hands would not be protected from creditors. The court, however, does not read this proposition to mean that trust funds remaining in the hands of the trustee in furtherance of the trust purpose are susceptible of involuntary alienation by a creditor of the spendthrift.

Moreover, in the instant case, the debtor's right to possess title principal or income under the trust instrument is subject to an exercise of discretion on the part of the trustee. In accordance with the trust instrument the trustee could wholly withhold any payment to the debtor, even refuse to pay over to the debtor all of such funds as the debtor has "the right to demand and receive." Alternatively stated, the provisions of the trust do not grant the beneficiary an absolute right to any distribution from the trust. *See id.*

The court concludes that under Code section 541(c)(2) no part of the trust res or income constitutes property of the estate. In that neither corpus nor income is estate property, there is no asset arising under the trust for the bankruptcy trustee to administer. Accordingly, the Bank's complaint to revoke the discharge of the debtor must be dismissed. Judgment is hereby entered.