Fannie SEIDENBERG et al.,
Appellants,

v.

Martha E. SEIDENBERG, Appellee.

No. 12570.

United States Court of Appeals
District of Columbia Circuit.

Argued June 8, 1955.
Decided June 30, 1955.

---

**546**

Mr. Charles F. O'Neall, Washington, D. C., with whom Mr. Francis C. Brooke, Washington, D. C., was on the brief, for appellants.

Mr. Allan Fisher, Washington, D. C., for appellee.

Before PRETTYMAN, FAHY and BASTIAN, Circuit Judges.

BASTIAN, Circuit Judge.

This action was brought in the District Court by Martha M. Seidenberg, appellee-plaintiff, against her husband, Elijah M. Seidenberg, for custody and maintenance of their five minor children. After a trial, that court rendered final judgment awarding custody of the children to the plaintiff and directing the defendant to pay to the plaintiff the sum of $20.00 a week as maintenance for the children.[1] Defendant being in arrears in the payment of the award, to the extent of $360.00 plus interest and costs, plaintiff caused a writ of attachment to be issued against the appellants, the executors and trustees under the will of Harry Seidenberg, to condemn certain trust funds held by them for the benefit of Elijah M. Seidenberg. Appellants filed answers to the attachment, stating that under the provisions of the will the sum of $10,000.00 was left to them in trust, for payment to the defendant husband from the principal amount at the rate of $175.00 per month during his lifetime, until the fund had been disbursed. Appellee filed a traverse to the answers, and appellants filed a motion to quash the traverse. On the hearing of the motion, it was stipulated between the respective parties that the will of Harry Seidenberg directed that the said Elijah M. Seidenberg receive from the trust fund the sum of $175.00 per month, up to the amount of $10,000.00, during his lifetime; that, although several payments had already been made to Elijah, there were sufficient trust assets out of which the garnishment could be satisfied. The garnishee trustees contended, however, that since the trust estate was a spendthrift trust "with the usual restrictive provisions incident to that kind of trust, the assets of the trust estate are not amenable to attachment by the plaintiff herein."[2] On December 7, 1954, the District Court denied the motion to quash the traverse, and condemned the sum of $350.00 in the possession of the garnishee trustees, that being the amount of the payments available under the trust. This appeal followed.

The question thus presented is whether the appellee, in behalf of her minor children, may lawfully subject the trust beneficiary's interest in the trust to an attachment in order to enforce a claim against the trust beneficiary for the support of that beneficiary's minor children. Such a question is a novel one in the District of Columbia, although it would appear that such a trust is valid against the claims of ordinary creditors.[3]

The pertinent provisions of the will of Harry Seidenberg are as follows:

"Item IV

"I give, devise and bequeath unto my dear wife, Fannie Seidenberg and my children, Jacob Seidenberg, and Doris Louise Seidenberg Pazornick, the sum of Ten Thousand Dollars ($10,000.00) in trust, neverthe-

---

1. This judgment was affirmed in Seidenberg v. Seidenberg, 95 U.S.App.D.C. ——, 219 F.2d 769.

2. Stipulation, par. No. 4. (Joint App., p. 12)

3. Restatement, Trusts, Section 152(2); Nichols v. Eaton, 91 U.S. 716, 23 L.Ed. 254; and cases in note 6, infra.

less, upon the following trust and uses:

"(a) If my son, Elijah M. Seidenberg, survives me, then and in that event to pay unto him the sum of One Hundred Seventy Five Dollars ($175.00) per month, until the sum of Ten Thousand Dollars ($10,000.-00) is exhausted.

"(b) If my son does not survive me, then and in that event this trust shall not come into being and the Ten Thousand Dollars ($10,000.00) shall remain a part of my residuary estate and shall be distributed as hereinafter provided.

"(c) As long [as] my said son shall occupy apartment 21 in 904 Shepherd St. N.W. or any other apartment belonging to me or my estate, then and in that event there shall be deducted from the aforeprovided payment of $175.00, the regular rental value of the said apartment.

"(d) If my said son shall die before the full sum of Ten Thousand Dollars ($10,000.00) shall have been paid over to him by my trustees, then and in that event I direct my trustees to distribute the remaining unused portion of the Ten Thousand Dollars ($10,000.00) unto my surviving children only, in equal shares and the trust shall terminate.

"(e) Any income that may be derived from the said trust estate shall be retained by my trustees as compensation for their services in the management of the trust.

"(f) No assignment by my said beneficiary, by way of anticipation, shall be valid. The aforesaid payments of $175.00 per month, less any deduction for rents as hereinabove provided, shall be paid by the trustees, directly to my son, irrespective of any assignment or order, nor shall the principal or income of the said trust become attached by process of attachment, garnishment or other legal proceeding, while in the hands of the trustees."

Appellants claim that this language, particularly when considered in connection with other language in the will with regard to other beneficiaries, indicates that it was the intention of the testator not to extend the trust benefits to Elijah's children, and that there was a definite and intentional exclusion of those children. Indeed, such would seem to be the case and we shall so assume. Therefore, the question is squarely presented as to whether the public policy of the District of Columbia allows a spendthrift trust to be invaded for the support of minor children of the trust beneficiary. There are no statutes in the District of Columbia, as there are in several of the states, in regard to the specific question before us.

This case presents a direct clash of interests—the interest of a testator in freedom to dispose of his property on such conditions and limitations as he chooses, provided no principle of public policy be violated, and the interest of minor children seeking support from a father under a duty to furnish it.

An examination of the cases on the subject discloses divergence of opinion.[4] On the point at issue, the Restatement of the Law of Trusts, Section 157, contains the following provision:

"Although a trust is a spendthrift trust or a trust for support, the interest of the beneficiary can

4. In New York, Missouri, Kentucky, and a number of other states the matter is controlled by statute. The rule followed in some states (which appears to be the weight of authority) is that the income of a spendthrift trust may be diverted to the support of the beneficiary's wife and minor children. Other states have taken the position that the income of a spendthrift trust is not available for the payment of alimony or maintenance of a wife or minor children, and place such claims on a par with debts due ordinary creditors.

be reached in satisfaction of an enforceable claim against the beneficiary.

"(a) by the wife or child of the beneficiary for support, or by the wife for alimony; * * *."

As early as 1875 the Supreme Court, in Nichols, Assignee, v. Eaton, 91 U.S. 716, 23 L.Ed. 254, indicated that it did not accept the limitations which the English Chancery Court[5] had placed upon the power of testamentary disposition of property by its owner. The Supreme Court upheld the general proposition of freedom of disposition of one's property,[6] although in that case there was no problem of a spendthrift trust affecting a child-support situation but merely an attempted enforcement by an assignee-creditor against the trust fund. The Nichols case points out, however, that the freedom to dispose of property is not without limitations but must be limited when it is repugnant to prevailing law or public policy. See also Washington Loan & Trust Co. v. Convention of Protestant Episcopal Church, 1923, 54 App.D.C. 14, 293 F. 833, 34 A.L.R. 913.

The case nearest in point in the District of Columbia is Buchanan v. National Savings & Trust Co., 79 U.S.App.D.C. 278, 146 F.2d 13. There a divorced wife brought suit in the District Court against her husband and trustees, to establish an interest in income payable to her husband, on behalf of herself, the minor child of herself and husband, and certain creditors. Personal service was obtained on the trustees and service by publication was effectuated on her husband. We held that the intent of the testator was to provide for the grandchildren out of the trust income and, in failing to provide for his child, the husband was defeating the purpose of the settlor. The extent of provision for the child was left for determination by the District Court. We approved the holding of the District Court that appellant could not recover funds due as alimony to the former wife or for the benefit of creditors. Citing the general rule of the Restatement of Trusts, supra, we ruled that a spendthrift trust may under some circumstances be subjected to the obligation to support a wife or child, the enforcement of such obligation requiring either personal service or an attachment of the beneficiary's equitable interest in the fund, after execution of bond.

In Safe Deposit & Trust Co. v. Robertson, 192 Md. 653, 65 A.2d 292, the question was similar to that in the instant case. There the question was to what extent, if any, the rule prohibiting attachment in the case of a spendthrift trust is relaxed when a claim is made for alimony. There, as here, no direct reference was made in the instrument to the wife (children in the present case) as a beneficiary or otherwise. The court in the Robertson case, resting its decision upon grounds of public policy and not upon any interpretation of the instrument in question, held that while spendthrift trusts are valid against contract creditors the exemption should not extend to claims for support or alimony.[7] The court found the view ex-

5. Brandon v. Robinson, 18 Ves.Jun. 429, 34 Eng.Repts. 379.

6. See also Shelton v. King, 229 U.S. 90, 33 S.Ct. 686, 57 L.Ed. 1086; Fearson v. Dunlop, 10 Mackey 236, 21 D.C. 236; Morrow v. Apple, 58 App.D.C. 171, 26 F.2d 543.

7. In Zouck v. Zouck, 1954, 204 Md. 285, 104 A.2d 573, 105 A.2d 214, the question before the court was whether the court erred in decreeing that the spendthrift trust could be reached to satisfy the decree for support, representing, as it did, judicial approval of the agreement to pay as fair, just and reasonable, and so entitled to specific performance. The court in its decision noted that in Bauernschmidt v. Safe Deposit & Trust Co., 176 Md. 351, 4 A.2d 712, Maryland failed to treat as alimony an award of money granted by a California decree confirming a separation agreement, although such a decree was effective as an award of alimony in California. The court had held that under the California decree the wife was an ordinary contract creditor of the husband and, as such, could not reach his interest in a spendthrift trust. In the Zouck case the court

pressed in the Restatement of Trusts, supra, sound. It concluded:

"We think the rule that gives legal effect to spendthrift provisions as against contract creditors should not be extended to claims for support or alimony. In such situations the wife is a favored suitor, and her claim is based upon the strongest grounds of public policy." 65 A.2d 292, 296.

The court quoted 1 Scott, Trusts, Section 157.1, as follows, 65 A.2d at page 295:

" 'Even though it is clear that the settlor intended to exclude the beneficiary's wife and children from enforcing their claims for support against his interest in the trust, it has been held in some cases that they are not thereby precluded from reaching the trust estate. This result has been reached on the ground that it is against public policy to permit the beneficiary to have the enjoyment of the income from the trust while he refuses to support his dependents whom it is his duty to support. The claim of a wife and dependent children to support is based upon the clearest grounds of public policy. They are in quite a different position from ordinary creditors who have voluntarily extended credit. It would be shocking indeed to permit a husband to receive and enjoy the whole of the income from a large trust fund and to make no provision for his needy dependents * * *.' "

Similar views are expressed in Griswold, Spendthrift Trusts, Section 339;

and Glenn, Fraudulent Conveyances, Revised Edition, Section 189a.

The Supreme Court of Wisconsin, in Dillon v. Dillon, 244 Wis. 122, 11 N.W.2d 628, followed the Restatement of the Law of Trusts and held that the income of a spendthrift trust might be reached to meet the claims of a wife and minor children for support.

It was held, In re Moorehead's Estate, 289 Pa. 542, 137 A. 802, 52 A.L.R. 1251, that a testator may not set up a spendthrift trust by which the beneficiary may have income which shall be unavailable to the beneficiary's wife, whom he has deserted, as a means of enforcing beneficiary's duty to support her, as that would be contrary to public policy. The court there stated:
137 A. 802, 806

"Public policy is not so vague and wavering a matter as not to be rightly invoked in a case of this character, where the degenerating tendencies of marital relations of the present day are so faithfully exemplified by one who comes into court and demands judicial condonation of his violations of law. In every civilized country is recognized the obligation, sacred as well as lawful, of a husband to protect and provide for his family, and to sustain the claim of the husband in the case at bar would be to invest him with a right to be both a faithless husband and a vicious citizen. This case reaches beyond the concern of the immediate parties to it. It affects the status of the family as being the foundation of society and civilization, and hence in a very cer-

also noted that the Robertson case was followed in Hitchens v. Safe Deposit & Trust Co., 193 Md. 62, 66 A.2d 97, where there was a separation agreement entitling the wife to "permanent alimony." The court held that the wife had not brought herself within the exception as to alimony laid down in the Robertson case and that, since the appellant was an ordinary contract creditor, the claim was barred by the spendthrift trust provisions. Noting differences between an

agreement by a wife for support and such an agreement as to a child, the court held in the Zouck case that a contract by a father to support a child, found by a court to be fair and reasonable and, so, judicially decreed to be enforced, is the equivalent of a decree of court awarding support to the child or alimony to the wife and, as such, comes within the rule of public policy announced and followed in the Robertson case.

**550**

tain sense is of wide public concern.

" 'The marriage contract, once entered into, becomes a relation, rather than a contract, and invests each party with a status towards the other, and society at large, involving duties and responsibilities which are no longer matter for private regulation but concern the commonwealth. And in this aspect marriage is a civil or social institution, publici juris, being the foundation of the family and the origin of domestic relations of the utmost importance to civilization and social progress; hence the state is deeply concerned in its maintenance in purity and integrity.' Coy v. Humphreys, 142 Mo.App. 92, 125 S.W. 877." [8]

■■ It may be argued that to subject the interest of the father in the spendthrift trust in this case to the support of minor children might result in the beneficiary of that trust being himself deprived of a livelihood for the benefit of the children. But this is without merit. In this case the court has authority to reduce the amount of the allowance (or increase it) as the rights of the parties may dictate. So far as it appears, the husband is able to work; but, even if he were not, it would not seem unreasonable that he be compelled to pay $20.00 per week for the support of five minor children, which would leave him approximately the same amount for his own support, out of the trust estate alone. In our opinion, we have the right to declare, and do so, that the public policy of the District of Columbia requires that the interest of a

father in a spendthrift trust may be invaded for the support of minor children.

It follows that the judgment of the District Court should be, and is

Affirmed.

8. In re Stewart's Estate, 334 Pa. 356, 5 A.2d 910, followed the Moorehead case, with the assertion that the statute adopted in that state merely afforded additional remedy. However, in Lippincott v. Lippincott, 349 Pa. 501, 37 A.2d 741, the court refused to apply the rule to

alimony awarded in a decree of absolute divorce, and seemed to confine the holding in the Moorehead case to the claim of a deserted wife. The present Pennsylvania statute seems to be broader. 20 P.S. § 301.12.

