Carolyn LUCAS, Appellant,

v.

Philip B. LUCAS, Appellee.

No. 6577.

Court of Civil Appeals of Texas.

Beaumont.

Sept. 13, 1962.

On Motion for Rehearing Nov. 7, 1962.

Rehearing Denied Dec. 12, 1962.

Ernest Browne, Everett Lord, Beaumont, for appellant.

W. O. Bowers, Jr., Beaumont, Bruce Votaw, Vidor, for appellee.

McNEILL, Justice.

This is an appeal in the pending divorce case between appellant and appellee, from an order of the Court of Domestic Relations of Jefferson County, granting a temporary injunction against the taking of the deposition of a witness.

Appellant and appellee were married to each other August 20, 1955. In her petition for divorce appellant alleged that the parties had three children, all of tender age, and that appellant was expecting another child. The petition alleged that appellee maintained complete control of the property of the parties and that she had no knowledge concerning the community estate or the separate estate of appellee, but that appellee owned considerable separate property of which she had little knowledge. She prayed for divorce, for custody of the children, for division of the estate of the parties and order for proper support of their children.

Appellant filed notice to take the deposition of H. E. Dishman. Mr. Dishman is trustee in three trusts created by appellee's father for the benefit of appellee and other beneficiaries. Dishman was served with subpoena duces tecum ordering him, at the time of taking the deposition, to produce the records of income and assets and other records of these trusts. Before the date for taking the deposition, on application of the trustee Dishman, the trial court granted a temporary restraining order forbidding the taking of the deposition, and at the time set a hearing on application to make the restraining order a temporary injunction. On the hearing the court granted the temporary injunction against taking the deposition.

Each of the trusts involved are spendthrift trusts. We adopt the following from appellee's brief describing these trusts:

"Harry Lucas and his wife Mildred Lucas by deed of April 5, 1948, filed for record on April 12, 1948, recorded in Volume 690, page 336, Deed Records of Jefferson County, Texas, conveyed certain property to H. E. Dishman as trustee of The Philip Bland Lucas Trust for the benefit of their son Philip Bland Lucas and their sister Loraine Lucas Simmons, said trust to endure for the lives of said son and sister, or the survivor of them, to use and expend the trust estate, the income or corpus, or both, for the benefit of said son and sister, or either of them, in the manner and amounts and at the times the trustee may in his sole discretion determine meet and proper. Philip Bland Lucas was then 14 years old. Loraine Lucas Simmons is still living.

"Harry Lucas died on August 26, 1951, and by his will dated May 16, 1951, probated in the County Court of Jefferson County, Texas, on September 10, 1951, and entered in Volume 157, Page 386, probate minutes of said court, devised unto H. E. Dishman and Mildred Lucas as trustees for the benefit of his two sons Harry Lucas, Jr. and Philip Bland Lucas, in two equal shares, all of his property in the State of Louisiana, one share to be known as The Lucas Louisiana "B" Trust for the benefit of Philip Bland Lucas, the same to terminate 10 years after testator's death or at the expiration of 10 years after the majority of said beneficiary, whichever shall be later, which termination date will be July 15, 1965, and devised all of the rest, residue and remainder of his estate, (except the bequest of his interest in the estate of his deceased father Joe Lucas in two equal shares to The H. Lucas, Jr. Trust and The Philip Bland Lucas Trust aforesaid) in two equal shares, one of which shares be constituted The Lucas Texas 'B' Trust for the benefit of his son Philip Bland

Lucas, said trust to endure until July 15, 1964, and authorized, empowered and directed his trustees during the minority of said son to pay and deliver to his wife Mildred Lucas such sum or sums as in their discretion may be required for the maintenance, support and education of said son, but provided that after said son reached his majority said trustees may pay to him from time to time and for any purpose such sums of money as may in the trustees' sole discretion seem proper, and also provided that the trustees pay to his mother Annie Lucas and to his sister Loraine Lucas Simmons such sums of money, from time to time, as in their sole judgment and discretion may assure their medical care, maintenance, support and comfort. Philip Bland Lucas was then 17 years old. Annie Lucas and Loraine Lucas Simmons are still living.

"The above mentioned deed and will contained the same or similar language which created said trusts 'spend-thrift' trusts:

" 'No title in the Trust Estates hereby created nor in the income accruing therefrom until delivered to the beneficiary, or in the accumulation thereof, shall vest in any beneficiary hereunder, and no beneficiary shall have the right or power to transfer, assign, anticipate or encumber his or her income therefrom during the continuance or life of the Trusts hereby created, and neither the principal nor the income of the said Trust Estates shall be liable in any manner in the possession of the Trustees for the debts, contracts, liabilities or engagements of any beneficiary, nor the same be subject to process or seizure of any court.' "

The trial court's action was based upon his belief that since the trusts each provided, in effect, that no title in the trust estate, nor the income accruing therefrom, shall vest in any beneficiary until delivered to the beneficiary, and because of the spendthrift provisions of each trust, as long as property of the trusts, either principal or income, is held by the trustee and not delivered to the beneficiary, the beneficiary would have no right therein; and because the beneficiary has no right therein, neither would his wife nor children.

The injunction should not have been granted. Rule 186a, Texas Rules of Civil Procedure as amended by order of July 26, 1960, effective January 1, 1961, provides, in pertinent part, as follows:

"Any party may take the testimony of any person, including a party, by deposition upon oral examination or written interrogatories for the purpose of discovery or for use as evidence in the action or for both purposes. Unless otherwise ordered by the court as provided by Rule 186b the deponent may be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the examining party or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of relevant facts. It is not ground for objection that the testimony will not be admissible at the trial of the cause in which the deposition is taken if the testimony sought appears reasonably calculated to relate to the discovery of admissible evidence at such trial."

■ The primary object of judicial inquiry is to seek and establish the relevant facts. Therefore the liberal use of means of discovery will be upheld. One of the most effective means of discovery is by the use of depositions; and restraint against their employment should be cautiously exercised.

We do not accept the broad statement of appellee that the trustees hold the absolute title to all of the properties in said trusts, and that the beneficiary Philip B. Lucas has no title or interest therein except a contingent interest, i.e., he would have only such interest in funds therefrom as may be paid and delivered to him from time to time by the trustees in their "sole discretion". When this cause was submitted it was stated that the trustees had paid appellee $35,000 or $40,000 per year for several years, but since the present suit was filed all payments of income to appellee from the trusts have been stopped. A supplemental transcript reflects that appellee has recently filed a motion to reduce temporary alimony for his wife and support of his children from $1,000.00 per month, as first set by the court, because of lack of funds. Under the facts, we think appellant would be entitled to inquire into the incomes of the various trusts and the amounts, regularity and time of support payments which have been made by the trustees to appellee as beneficiary. This inquiry would bear upon the setting of any amount of temporary alimony and support of the children. The "sole discretion" stressed by appellee is one that may not be exercised arbitrarily. First National Bank of Beaumont v. Howard, 149 Tex. 130, 229 S.W.2d 781; State v. Rubion, 158 Tex. 45, 308 S.W.2d 4 (11). It is certainly proper for appellant to inquire into this feature of the trusts and trustee's action. See Bogert, Trusts & Trustees, 2d Ed., Sec. 560, pp. 118–128.

The trusts involved were created at least in part for the support of appellee. Being the husband of appellant and father of her children, he owes them the duty of support. When a man is married the obligation to his family is considered as a part of the cost of support for himself. It is against public policy to allow such a person to be well taken care of by a trust when those who have every right to look to him for support are doing without. Seidenberg v. Seidenberg, D.C., 126 F.Supp.

19; 96 U.S.App.D.C. 245, 225 F.2d 545. See also, Bogert, Trusts & Trustees, Sec. 223, pp. 484–492.

Appellant urges that the accumulated undistributed income from the trusts constitutes community property of the parties. In view of the fact that one of the trustees in two of the trusts is not a party to this proceeding, and believing that she is a necessary party for the purpose of passing on this question, we decline to do so here. McDonald v. Alvis, 154 Tex. 570, 572, 281 S.W.2d 330.

The injunction is dissolved.

## On Appellant's Motion for Rehearing

At a former day of this term this court held that the temporary injunction restraining the taking of trustee Dishman's deposition was improvidently granted and ordered it dissolved. Thereafter appellee Dishman filed his plea to the jurisdiction of this court urging for the first time that the trial court had not granted a temporary injunction, and that because thereof this court had no jurisdiction of the appeal. On October 10, 1962, we sustained appellee's plea, set aside our original judgment and ordered that the appeal be dismissed.

Appellant has timely filed her motion for rehearing, complaining of this court's action in dismissing the appeal. Since the question was one that had not been presented in the original submission before us, we have heard oral argument thereon.

We conclude that we were wrong in sustaining appellee's motion to dismiss this appeal. As stated in the original opinion, the trustee filed a sworn application with the trial court, praying that a temporary restraining order be issued forbidding the taking of the deposition, and upon a hearing to be set by the court, that a temporary injunction be granted against the taking of the deposition, and upon final hearing that the injunction be made permanent. The application made no reference to or

mention of Rules 186a or 186b, T.R.C.P. After granting the temporary restraining order the court set a hearing on the application for temporary injunction for May 10, 1962, but later changed the hearing to May 3rd, 1962. The Statement of Facts on this hearing are before us. At the opening of the hearing the court stated:

"THE COURT: Now, the court set this down for a hearing to determine whether I should—of course, I granted this temporary restraining order and quashed that subpoena. But this was set down by me to have all of you here to determine if those two, either or both of those writs should issue—what you have prayed for."

After statement by one of counsel for appellant the court further stated:

"THE COURT: All right. I will hear all matters together as to whether he is entitled to his relief and whether you are entitled to yours. We will hear it all together."

After the evidence was heard, counsel for the trustee stated:

"MR. BOWERS: If the court please, unless the plaintiff here can show an authorized purpose of these records in this divorce suit, the temporary injunction should be granted. The Plaintiff or the defendant only has a contingent interest in the property belonging to the trust estate."

In the argument which followed Mr. Bowers again stated:

"MR. BOWERS: As far as injunctions to restrain taking depositions is concerned, your Honor, Lowe and Archer, Texas Practice, says that an injunction may issue to prevent the taking of deposition where there is no authority for the taking thereof or where the taking of such deposition is for an unauthorized purpose."

After further argument before the court between counsel, the court stated: "He (trustee) is asking in his application that this subpoena duces tecum be quashed" whereupon the following comment of counsel was made:

"MR. BROWNE: Yes, asking that it be quashed and that this injunction be made permanent."

"MR. BOWERS: That's right."

"MR. ROBICHAU: We are here under Rule 186b, a and b too, your Honor, in that application."

"MR. BROWNE: No, they are not here under 'A'. All they are here for is motion to quash and injunction and restraining order restraining us from taking a deposition. That was all that was served on us. Is the court under the impression that there is something else here?

"THE COURT: The court is under the impression he is stating here that you do not have the right to take this— do not have a right to look into these records because of these trusts instruments but he has plead here because of the provisions of them—

"MR. BROWNE: Well, in the order of the court he had listed an injunction —that the court issue a temporary restraining order, it is accordingly ordered that the clerk of this court issue a temporary restraining order and then down to the—next to last—it is further ordered that said application for a temporary injunction effective until final hearing hereon. That is all that has been issued by this Court is an injunction. And, we ask, your Honor, specifically, that it be dissolved."

It has been made known to us by affidavit that counsel for appellee, after the conclusion of the hearing, submitted a proposed order for the court to sign which would have dissolved the temporary restraining order and quashed the subpoena duces tecum as was done in the court's order. Following this the proposed order read:

"* * * And it is the further ORDER and DECREE of the Court that

under and by virtue of Texas Rules of Civil Procedure Nos. 186a and 186b the books and records of the Lucas trusts mentioned in said subpoena duces tecum shall not be inquired into by the plaintiff, Carolyn Lucas and that the said H. E. Dishman shall not be required to produce said books and records and he shall not be required to give any evidence in regard to the assets, income and records of said Lucas trusts."

In the order executed by him the court did not use the phrase, "under and by virtue of Texas Rules of Civil Procedure Nos. 186a and 186b" as will be reflected in the pertinent parts of the order which we now set out as the one entered by him and the one appealed from:

"Be it remembered that on this the 3rd day of May, 1962, came on to be heard the motion to quash subpoena and application for injunction filed herein by H. E. Dishman on April 30, 1962, and also the motion to dissolve injunction filed herein by Plaintiff, Carolyn Lucas on May 3, 1962, and appeared the Plaintiff and Defendant by their attorneys, and all parties announced ready for trial, and the Court after reading the pleadings and hearing the evidence and argument is of the opinion and finds that The Philip Bland Lucas Trust, The Lucas Louisiana 'B' Trust and The Lucas Texas 'B' Trust have not been terminated and that the Defendant, Philip B. Lucas has no right to any of the assets or income of these trusts nor will he have any such right until July 15, 1964; and the Court further finds that in the trial of a divorce between these two parties it could not by Judgment award either party any of the assets or income of the above described trusts.

"THEREFORE, it is ORDERED, ADJUDGED and DECREED by the Court on his own motion that the temporary restraining order issued by this Court on April 30, 1962, be and it is hereby dissolved.

"And it is also ORDERED that the subpoena duces tecum issued and served on H. E. Dishman to appear and produce the books and records of the above mentioned Lucas trusts on May 4, 1962, at 2:00 o'clock P.M. at 1012–1018 Goodhue Building, Beaumont, Texas, be quashed and the same are hereby quashed.

"And it is the further ORDER and DECREE of the Court that the books and records of the Lucas trusts mentioned in said subpoenas duces tecum shall not be inquired into by the Plaintiff, Carolyn Lucas and that the said H. E. Dishman shall not be required to produce said books and records and he shall not be required to give any evidence in regard to the assets, income and records of said Lucas trusts."

 Was the order one granting a temporary injunction? An injunction was defined in Railroad Commission v. A. E. McDonald Motor Freight Lines, Tex.Civ. App., 127 S.W.2d 932 (935), as follows:

"* * * According to Standard Dictionary, an injunction is defined as 'a judicial order or process, operating upon the person, requiring the person to whom it is directed to do or (usually) refrain from doing some designated thing,' * * *."

High on Injunctions (4th Ed.), Vol. 1, Sec. 1, p. 2, states: "A writ of injunction may be defined as a judicial process, operating in personam, and requiring the person to whom it is directed to do or refrain from doing a particular thing." The order providing that the books and records of the Lucas Trusts * * * "shall not be inquired into by the Plaintiff Carolyn Lucas, and that the said H. E. Dishman will not be required to produce said books," etc., acts upon these parties and restrains appellant from making inquiry by deposition. This is, in effect, a temporary injunction against appellant.

Roosth v. Roosth, Tex.Civ.App., 181 S.W. 2d 974. No bond was required under Rule 684 in the present case; but neither was it required in the Roosth case.

As further supporting our view that the order appealed from was one granting a temporary injunction, it must be borne in mind that the issues upon which the parties go to trial are determined by the pleadings. 33 Tex.Jur. 653. The nature of a suit is determined from the allegations of the petition. Collins v. Griffith, Tex.Civ.App., 105 S.W.2d 895. The application involved was purely one for injunction. The prayer of the application was, first, for temporary restraining order, second, temporary injunction, and third, on final hearing that the injunction be made permanent. From the quoted excerpts of the statement of facts reflecting argument before the court, it is further clear that the parties considered the hearing to be one upon whether a temporary injunction should be issued. This construction having been placed by the parties upon the pleadings in the trial court, this court will adhere thereto. 3 Tex.Jur.2d 633.

 We do not agree with appellee that the trial court's order was under or by virtue of Rules 186a and 186b. The court struck out of the proposed order tendered him by appellee's counsel any reference to the rules. Also, we think it fair to presume that the trial court followed the law and acted within the scope of the parties' pleadings. Wood v. Farm & Home Savings & Loan Ass'n, Tex.Civ.App., 86 S.W.2d 871. It will be noted that Rule 186b provides that after notice is served for the taking of a deposition it is provided "upon motion seasonably made by any party or by the person to be examined and upon notice and for good cause shown," the court may make an order that the deposition shall not be taken. No such motion was made nor notice given. In addition to the presumption that the court intended to stay within the scope of the pleadings, the recitation in the trial court's order "came on to be heard the motion to quash subpoena and applica-tion for injunction—and also the motion to dissolve injunction" and the record of the hearing as set out above convince us that he actually did so. He dissolved the temporary restraining order on his own motion, evidently since it was originally granted to exist until May 10th, 1962, and he did not want the two orders to overlap in time. No recitation appears in the order that he on his own motion, was granting relief to the trustee under Rule 186b, if such could be so done.

The former order of this court setting aside our original judgment and withdrawing our opinion thereon, as well as the order dismissing the appeal, are hereby set aside and the original order reversing the judgment of the trial court and dissolving the temporary injunction granted is reinstated.

We have considered appellee's motion for rehearing, filed with the plea to the jurisdiction of this court, and it is overruled.