JULIA HARRIS SWINK v. CALEB WHITE SWINK AND CABARRUS BANK AND TRUST COMPANY, GARNISHEE

No. 6919SC442

(Filed 17 September 1969)

1. **Divorce and Alimony §§ 21, 23;   Trusts § 1—   alimony and child support payments — enforcement — execution on trust income**

    In wife's action for divorce from bed and board and for permanent alimony, the husband's income from a trust created in another jurisdiction and administered by a trustee bank in this State is subject to execution to satisfy the judgment of the wife against the husband for alimony, child support and counsel fees; this result obtains even if the trust were a valid spendthrift trust administered under the laws of the other jurisdiction.

2. **Divorce and Alimony §§ 17, 23—   alimony upon divorce from bed and board — child support — fees — sufficiency of findings**

    In wife's action for divorce from bed and board and for permanent alimony, judgment ordering the husband to pay the wife alimony in the

amount of $175 per month and child support of $175 per month, as well as $1900 for counsel fees and $1400 for accumulated alimony and child support payments under prior orders, *held* supported by the findings and evidence.

**3. Divorce and Alimony §§ 17, 23— alimony and support payments — review**

The amount allowed by the court for alimony upon divorce from bed and board and for support of the children of the marriage will be disturbed only upon a gross abuse of discretion.

APPEAL by defendant-garnishee, Cabarrus Bank and Trust Company, from *Crissman, J.,* 19 May 1969 Session Superior Court for ROWAN County.

Plaintiff instituted suit for divorce from bed and board and permanent alimony against her husband, Caleb White Swink. The jury by its answers to appropriate issues found that the defendant-husband had offered such indignities to his wife as to render her condition intolerable, abandoned his wife and child, became an excessive user of alcohol and failed to provide his wife and child with necessary subsistence. After hearing the evidence the trial judge made appropriate findings as to the needs of the plaintiff and the child of the parties. Judgment was entered which ordered that defendant pay plaintiff alimony of $175.00 per month and child support in the sum of $175.00 per month; pay plaintiff $1,400.00 accumulated alimony and child support which was due under prior orders of the court; and pay plaintiff $1,900.00 for counsel fees for the services of her attorney. Although the defendant-husband filed answer, his counsel had withdrawn prior to the trial with permission of the court. The defendant-husband did not appear at the trial of the case and does not appeal.

Judge Crissman's judgment provides in the part pertinent to this appeal as follows:

"5. It is further ORDERED and ADJUDGED that Cabarrus Bank and Trust Company, Garnishee, shall pay over currently to the plaintiff Julia Harris Swink all income heretofore or hereafter accruing to the defendant collected by it upon the trust fund established under the will of Louise Swink Fitch (less its allowed fees as Trustee) until the further order of this court, or until this judgment with future accumulated alimony and child support has been discharged; and in the event the defendant Caleb White Swink reaches the age of forty-five years without this judgment having been discharged, the said Cabarrus Bank and Trust Company, Garnishee, is directed to pay

and deliver the principal of said trust fund to a receiver to be appointed by this court upon motion of the plaintiff, to receive the said principal and to apply the same, or the income therefrom, as the court may direct, to the satisfaction of this judgment with any accumulated arrearage of alimony and child support and in satisfaction of the obligation of the defendant for further alimony and child support thereafter. All such payments of income or principal by Cabarrus Bank and Trust as herein directed shall operate as a full acquittance and discharge to the said Bank as to any claims of the defendant Caleb White Swink in respect thereof."

A trust was created in the will of Louise Swink Fitch who was a domiciliary of the District of Columbia. Her will was probated and the estate administered by W. E. Fitch, executor, under the jurisdiction of the appropriate court in the District of Columbia. The Cabarrus Bank and Trust Company, as trustee, has on hand assets of the trust in the amount of $81,000.00.

The defendant-garnishee moved that the portion of the judgment which pertained to garnishment of funds held by it be set aside and that the entire judgment be set aside. From the denial of these motions defendant-garnishee excepted and appeals.

*Kluttz and Hamlin by Lewis P. Hamlin, Jr., for plaintiff appellee.*

*Alexannder and Brown by B. S. Brown, Jr., and E. T. Bost, Jr., for Cabarrus Bank and Trust Company, Garnishee, defendant appellant.*

VAUGHN, J.

[1] The appellant contends that the administration of this trust should be governed by the laws of the District of Columbia. The appellee contends that the law of North Carolina should apply. We do not deem it necessary to pass upon this question. We are convinced that under the law of either jurisdiction, the income from the trust under consideration is subject to execution to satisfy the judgment of the wife against the defendant-beneficiary for alimony, child support and counsel fees. The result is reached even if we were to assume, as the appellant contends, that this is a valid "spendthrift" trust to be administered under District of Columbia law. Without question, it is clear that under the law there, the interests of the father may be invaded for the support of minor children. *Seidenberg v. Seidenberg*, 225 F. 2d 545 (D.C. Cir. 1955). Although that case dealt with support of minor children, the court did not

distinguish between a wife and child. The opinion in *Seidenberg* is easily susceptible to the determination that a spendthrift trust can be reached for the purpose of meeting claims for alimony as well as child support. The cases cited and relied upon by the court involved support for wives. Judge Holtzoff quoted from *Safe Deposit and Trust Company v. Robertson*, 192 Md. 653, 65 A. 2d 292, which held that spendthrift trusts could be attached for alimony. He also cited the Restatement of the Law of Torts, § 157, wherein it is stated that the interest of the beneficiary can be reached in satisfaction of an enforceable claim, " (a) by the wife or child of the beneficiary for support, or by the wife for alimony. . . ." It also is to be observed that although the judge in the *Seidenberg* case specifically refused to deal with the validity of spendthrift trusts, he referred to them as of "questionable morality" and being "an undemocratic doctrine."

There is a split of authorities in the states that recognize spendthrift trusts but the preponderance of them are in favor of attachment for maintenance or alimony.

 Courts and legislatures have exempted certain classes from the restrictive provisions of spendthrift trusts and decided that the interest of the beneficiary may be reached "notwithstanding an express direction to the contrary" because of the strong equity behind these claims and because of the repugnancy to public policy. Bogert, Trust and Trustees, Second Edition, § 224. It is clear to us that under District of Columbia law the income from this trust is subject to attachment for child support and alimony.

If administration of the trust is to be governed by the laws of North Carolina, the same result is reached. The only spendthrift trust recognized in North Carolina is by G.S. 41-9, the test of which clearly are not met here. North Carolina has valiantly withstood efforts in its courts to have valid spendthrift trusts born out of case law. Traditional notions of public policy and fair play have remained predominant. The view of the North Carolina courts is that whatever interests a debtor has in property of any sort may be reached by his creditors, in law or equity, according to the nature of the property. *Mebane v. Mebane*, 39 N.C. 131.

Restrictive provisions in a trust should not enable a father to shirk his legal obligations. This is especially true where the father has abandoned his wife and child and departed from the jurisdiction, thereby hindering the court in the use of contempt proceedings to enforce its decrees.

Since it is clear that the interest of the defendant-beneficiary can be reached to provide child support and alimony, the only issue left

for this court is the reasonableness of the appropriation of the entire net income from the trust.

[2] Judge Crissman's findings of fact as to the reasonable needs of the plaintiff and the child of the parties are supported by the evidence. The trial judge also found as a fact that the defendant-husband was thirty-five years of age, able-bodied and has two years of college. He concluded that a man of his age, physical condition and educational attainment is capable of earning $200.00 per week. The judge properly considered the earning capacity of the husband along with his income from this trust.

[3] The amount allowed by the court for alimony and support of children of the marriage will be disturbed only where there is a gross abuse of discretion. *Teague v. Teague,* 272 N.C. 134, 157 S.E. 2d 649. *Rayfield v. Rayfield,* 242 N.C. 691, 89 S.E. 2d 399.

The judgment of the superior court entered herein is

Affirmed.

BROCK and BRITT, JJ., concur.